No. 21-2234

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
*Appellee*

vs.

CHRISTOPHER STOWELL,
*Appellant*

On Appeal from the United States District Court
For the Western District of Arkansas

Honorable P.K. Holmes, III
Senior United States District Judge

PETITION FOR REHEARING EN BANC

BRUCE D. EDDY
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

**By:** James B. Pierce
Assistant Federal Public Defender
C. Aaron Holt
Assistant Federal Public Defender
Office of the Federal Public Defender
112 W. Center Street, Suite 300
Fayetteville, AR  72701
(479) 442-2306
james_pierce@fd.org
aaron_holt@fd.org

# REASONS FOR GRANTING REHEARING EN BANC

Appellant Christopher Stowell pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and was sentenced to 180 months in prison. In its published opinion, a panel of this Court affirmed the district court's decision to sentence Mr. Stowell as an armed career criminal under 18 U.S.C. § 924(e). Stowell argued to the district court, and on appeal to this Court, that two of his predicate offenses were committed on the same occasion and should accordingly have been counted only as a single predicate. Stowell also argued that the application of a sentencing enhancement under the Armed Career Criminal Act ("ACCA") violated his Fifth and Sixth Amendment rights because its requirements—i.e., three prior qualifying convictions for offenses that were "committed on occasions different from one another"—were not charged in the indictment and proven to a jury beyond a reasonable doubt (or admitted in a guilty plea). Stowell noted that the United States Supreme Court would soon be deciding the question of what it means for offenses to be "committed on occasions different from one another" under 18 U.S.C. § 924(e)(1); indeed, the Court decided *Wooden v. United States*, 142 S. Ct. 1063 (2022), shortly before the instant case was submitted to the panel.

The panel majority in this case affirmed the judgment of the district court. *United States v. Stowell*, 40 F.4th 882 (8th Cir. 2022). The district court relied on certain paragraphs of the presentence investigation report ("PSR") to conclude that Mr. Stowell committed the predicate offenses of battery second degree and battery first degree on different occasions, as the PSR indicated that one offense had been committed on or about March 8, 2006, and the other on or about March 11, 2006. *See id.* at 883-84. The panel majority concluded that the district court did not err in making this finding. The panel cited *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011), as setting forth the three-factor analysis applied by this Court when determining whether multiple offenses were committed on separate occasions. *Stowell*, 40 F.4th at 884. Applying this analysis, the majority concluded that "Stowell's two battery offenses were committed on separate occasions and qualify as separate ACCA predicate offenses." *Id.* at 885.

The panel majority rejected Mr. Stowell's argument that the sentencing judge could not decide the question of whether the prior offenses were committed on different occasions without running afoul of Stowell's constitutional rights to have any fact that increases a statutory mandatory minimum or maximum penalty charged in the indictment and proved to a

jury.  *Id.*  The majority relied on precedent from prior panel decisions in reaching this conclusion, citing *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015), and certain other cases, for the proposition that the different-occasions analysis involves "recidivism-related facts" that do not need to be submitted to a jury.  *Id.*  The majority recognized that "the constitutionality of this practice has recently been questioned," but concluded that "it remains the law of our circuit."  *Id.* (citing *Wooden*, 142 S. Ct. at 1087 n.7 (Gorsuch, J., concurring); *United States v. Perry*, 908 F.3d 1126, 1136 (8th Cir. 2018) (Stras, J., concurring)).

Judge Kelly filed a dissenting opinion, noting that the *Wooden* decision settled a circuit split and established the proper analysis that must be undertaken to determine whether ACCA predicates were committed on different occasions.  *Stowell*, 40 F.4th at 886 (Kelly, J., dissenting).  This analysis is "multi-factored in nature, taking into account the timing of offenses, as well as the proximity of the locations, and the character and relationship of the offenses."  *Id.* (citing *Wooden*, 142 S. Ct. at 1071).  Because the district court only considered the fact that the PSR indicated Mr. Stowell's battery offenses were committed on different dates, Judge Kelly

would have remanded to the district court to allow it to conduct the new "fact-intensive inquiry" prescribed by *Wooden* in the first instance. *Id.* at 887.

Mr. Stowell submits that the panel majority's decision (and the precedent it relies upon) conflicts with an entire line of Supreme Court cases, including *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013); *Descamps v. United States*, 570 U.S. 254 (2013); and *Mathis v. United States*, 579 U.S. 500 (2016). En banc rehearing is necessary to conform this Court's decisions to binding Supreme Court precedent concerning the requirements of the Sixth Amendment. *See* Fed. R. App. P. 35(b)(1). For Stowell and all other similarly situated defendants whose statutory sentencing ranges are being unconstitutionally increased under the ACCA, this case also presents a question of exceptional importance that merits en banc review. *See id.* Significantly, the Government has recently changed its position on this issue and now agrees that, because of the multi-factored and holistic analysis required by *Wooden*, the Sixth Amendment requires a jury to find (or a defendant to admit) that his ACCA predicate offenses were committed on separate occasions. The Government's change in position is yet another reason why rehearing is appropriate.

4

## DISCUSSION

"[A]n ACCA penalty may be based only on what a jury 'necessarily found' to convict a defendant (or what he necessarily admitted)." *Mathis*, 579 U.S. at 515 (quoting *Descamps*, 570 U.S. at 266, 272). "And elements alone fit that bill; a . . . 'non-elemental fact,' is 'by definition [ ] *not* necessary to support a conviction.'" *Id.* (quoting *Descamps*, 570 U.S. at 266 n.3, 270) (emphasis in original). The "ACCA . . . treats [non-elemental] facts as irrelevant: Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence," even where such a limitation seems "counterintuitive." *Id.* at 510, 513. To find that Mr. Stowell's alleged ACCA predicates were committed on different occasions, the sentencing judge had to consider and rely upon non-elemental facts. The Supreme Court has made clear that "allowing a sentencing judge to go any further" than looking at the crime a defendant committed and the elements of that crime "would raise serious Sixth Amendment concerns." *Id.* at 511. Stowell asserts that the sentencing judge indeed violated his Fifth and Sixth Amendment rights by finding that Stowell's ACCA-predicate offenses occurred on different occasions. While the panel relied on this Court's prior decision in *Harris* in rejecting this argument, that case's holding is

5

incompatible with Supreme Court precedent. En banc rehearing is necessary to address this conflict.

In his concurring opinion in *Perry*, cited in the panel majority's opinion and mentioned above, Judge Stras explained in detail how several of this Court's prior decisions represent "a departure from fundamental Sixth Amendment principles." 908 F.3d at 1134 (Stras, J., concurring). The Supreme Court, Judge Stras argued, has set forth a "simple" constitutional standard: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* (quoting *Apprendi*, 530 U.S. at 490, and citing *Alleyne*, 570 U.S. at 103 (holding that "any fact that increases the mandatory minimum is [also] an 'element' that must be submitted to the jury")). Judge Stras continued:

> Simple facts and simple law should lead to a simple conclusion. A finding that Perry committed his past crimes on different occasions exposes him to a longer sentence, so the jury should make the finding, not the court. To be sure, the Supreme Court has carved out an exception allowing district courts to find "the fact of a prior conviction." *Alleyne*, 570 U.S. at 111 n.1 . . . ; *Apprendi*, 530 U.S. at 489 . . . . But the exception is "narrow," *Alleyne*, 570 U.S. at 111 n.1, . . . and permits the court to "do no more . . . than determine what crime, with what elements, the defendant was convicted of," *Mathis*[, 579 U.S. at 505-06].

6

*Id.* Judge Stras asserted that the district court in *Perry* "did much more" than what was permitted by Supreme Court precedent and noted that determining whether ACCA predicates were committed on different occasions requires applying a "context-specific balancing test that [the Court] still struggle[s] to put into words." *Id.* (citing *Willoughby*, 653 at 742-43; *Levering v. United States*, 890 F.3d 738, 740 (8th Cir. 2018)).

The Supreme Court's decision in *Wooden* confirms that a different-occasions determination indeed requires a fact-intensive inquiry that is "multifactored in nature" and considers "a range of circumstances . . . relevant to identifying episodes of criminal activity." 142 S. Ct. at 1070-71. In describing what this inquiry entails, the *Wooden* Court stated:

> Timing of course matters, though not in the split-second, elements-based way the Government proposes. Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a different: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

*Id.* at 1071. So after *Wooden*, a district court considering whether ACCA predicates occurred on different occasions must consider at least when the offenses occurred, where they occurred, the proximity of those locations to one another, what victim(s) were involved, the similarity of the offenses, whether the offenses involved a common scheme or purpose, and whether any significant intervening event occurred between the offenses. As Justice Gorsuch pointed out in his concurring opinion, this "long list of factors" identified in the majority opinion "probably is not exhaustive." *Id.* at 1080 (Gorsuch, J., concurring). There is no way to avoid the conclusion that such an inquiry "crosses the line from 'identifying the crime[s] of conviction' into the forbidden territory of 'explor[ing] the manner in which the defendant committed th[e] offense[s].'" *Perry*, 908 F.3d at 1134 (Stras, J., concurring) (quoting *Mathis*, 579 U.S. at 511).

As the panel majority noted in the instant case, this Court's prior cases have insisted that judges can make the different-occasions determination called for by the ACCA because it involves analysis of "recidivism-related facts" excepted from the general rule. *Stowell*, 40 F.4th at 885 (quoting *Harris*, 794 F.3d at 887). "But there is no such exception, at least as far as the Supreme Court is concerned. There is just one unique fact that courts may

8

find: 'the simple fact of a prior conviction.'" *Perry*, 908 F.3d at 1135 (Stras, J., concurring) (quoting *Mathis*, 579 U.S. at 511). If there were an exception for recidivism-related facts, Judge Stras suggested, then certain leading ACCA cases may have been decided differently. *Id*. In *Mathis*, for example, "the fact at issue was whether the location of a previous burglary was a building or a vehicle," and in *Descamps v. United States*, 570 U.S. 254 (2013), "it was whether the defendant had entered a store legally or illegally . . . ." *Perry*, 908 F.3d at 1135 (Stras, J., concurring). "Those facts were no less 'recidivism-related' than whether Perry committed his back-to-back crimes on different occasions. Yet the opinions in both cases emphasized that letting a court find them 'would raise serious Sixth Amendment concerns.'" *Id.* (quoting *Mathis*, 579 U.S. at 511, and *Descamps*, 570 U.S. at 269).

The courts that have continued to insist that a sentencing judge may conduct the different-occasions inquiry despite the Supreme Court's recent Sixth Amendment and ACCA jurisprudence may have been allowing "inertia" to propel them "along the same well-trodden path even in the face of clear signs to turn around." *Perry*, 908 F.3d at 1135 (Stras, J., concurring). Judge Stras suggested that this Court has "missed more than a few bread crumbs leading away. The Supreme Court has all but announced that an

9

expansive view of the prior-conviction exception is inconsistent with the Sixth Amendment." *Id.* In *Alleyne*, the Court made clear that the prior-conviction exception was a "narrow" exception, and then in *Descamps* the Court "rejected an approach allowing district courts to look at the records of a prior conviction to determine 'what [a] defendant actually did,' because it would extend 'judicial factfinding beyond the recognition of a prior conviction.'" *Id.* (citing *Alleyne*, 570 U.S. at 111 n.1, and quoting *Descamps*, 570 U.S. at 268-69). Judge Stras emphasized that

> there simply is no way to square an expansive view of the prior-conviction exception with *Mathis*, which left little doubt that a finding of whether a burglary involved a building or a vehicle—in other words, the location of the crime—cannot be treated the same as the fact of a prior conviction. Yet most courts, even after *Alleyne*, *Descamps*, and *Mathis*, assign judges the role of finding even *more* facts—including the timing, location, *and* nature of *multiple* convictions—in search of an answer to the vexing different-occasions question.

*Id.* (citation omitted) (emphasis in original).

In a concurring opinion in a separate case, Judge Stras acknowledged that it is sometimes easy to determine whether ACCA predicate offenses were committed on different occasions, such as "when crimes were committed years apart, perhaps even in different parts of the country." *United States v. McDaniel*, 925 F.3d 381, 390 (Stras, J., concurring). "Other

times, the question is close. . . . But in every case, regardless of whether the resolution is easy or hard, criminal defendants are entitled to a jury determination of a fact that can expose them to a longer mandatory prison term." *Id.* The unique facts of the *McDaniel* case served to "highlight just how troublesome [the Court's] approach can be." *Id.* The documents the courts have come to rely upon to conduct the different-occasions inquiry—generally those identified in *Shepard v. United States*, 544 U.S. 13 (2005)—conflicted with one another regarding whether two of McDaniel's offenses occurred on the same day. *Id.* To resolve the factual dispute, "the district court did what a jury would have done. It reviewed the conflicting records, listened to arguments of counsel, and then decided when the offenses occurred . . . ." *Id.* The resolution of this type of factual dispute does not comport with the narrow power granted to a sentencing judge to decide what crime a defendant was convicted of. *Id.* (citing *Mathis*, 579 U.S. at 512).

In his concurring opinion in *Perry*, Judge Stras identified the essential problem with using *Shepard* documents to determine whether offenses occurred on different occasions: when "properly used, [*Shepard* documents] do not support fact-finding at all." 908 F.3d at 1136 (Stras, J., concurring). *Shepard* documents are only useful to the extent they aid in determining

11

which of multiple possible crimes a defendant was convicted of. *See id.* The Supreme Court in *Descamps* made this "abundantly clear . . . by prohibiting judges from 'look[ing] to reliable materials (the charging document, jury instructions, plea colloquy, and so forth) to determine what facts [could] confidently be thought to underlie the defendant's conviction.'" *Id.* (quoting *Descamps*, 570 U.S. at 265-66).

> The approach the Court rejected in *Descamps* is not meaningfully different from using *Shepard* documents to make the different-occasions determination. Both call for sifting through record materials for evidence of what a defendant actually did, either to determine whether it fits the definition of a violent felony, or to determine if two or more crimes were committed on different occasions.

*Id.* (citations omitted).

Judge Stras is not alone in having expressed concerns about the constitutionality of sentencing judges deciding the different-occasions question. In his concurring opinion in *Wooden*, Justice Gorsuch recognized that "[a] constitutional question simmers beneath the surface of today's case." 142 S. Ct. at 1087 n.7 (Gorsuch, J., concurring). He continued:

> The Fifth and Sixth Amendments generally require the government in criminal cases to prove every fact essential to an individual's punishment to a jury beyond a reasonable doubt. In this case, however, only judges found the facts relevant to Mr.

12

>   Wooden's punishment under the Occasions Clause, and they did so under only a preponderance of the evidence standard.

*Id.* (citation omitted). This issue was not addressed because Mr. Wooden did not raise it, but Justice Gorsuch predicted that the Court would have to consider the question before long. *Id.* Justice Gorsuch cited to Judge Stras's concurring opinion in *Perry*, and to similar opinions in Eleventh Circuit and Fourth Circuit cases. *Id.* (citing *United States v. Dudley*, 5 F.4th 1249, 1273-78 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part) (questioning whether the Occasions Clause inquiry can be squared with the Constitution); *United States v. Thompson*, 421 F.3d 278, 287-95 (4th Cir. 2005) (Wilkins, C.J., dissenting) (same)).

While the Government previously agreed with this Court's precedent and argued that the different-occasions analysis should be performed by the sentencing judge, it has recently changed its position in light of *Wooden*. In at least one case currently pending in this Court, the Government has submitted a Rule 28(j) letter advising of this change in position. *See* Rule 28(j) Letter by Appellee United States of America, *United States v. Frank Woods*, Eighth Circuit Case No. 20-2580 (Aug. 8, 2022). The Government has indicated in this letter that the Solicitor General made the determination

13

following *Wooden* "that the Sixth Amendment does require a jury to find (or a defendant to admit) that he committed his ACCA-predicate offenses on separate occasions." *Id.* The Government's new position is that, "[b]ecause of the 'multi-factored' and 'holistic' analysis that *Wooden* requires, district courts may no longer rely on the rule of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) to find that a defendant committed offenses on separate occasions." *Id.* The Government recognized that the Court in *Wooden* "expressly declin[ed] to address the issue," but still stated its belief that *Wooden* "effectively abrogated this Court's precedent holding that '[w]hether prior offenses were committed on different occasions is among the recidivism-related facts covered by the rule of *Almendarez-Torres*.'" *Id.* (quoting *Harris*, 794 F.3d at 887). The Government also acknowledged that the panel in the instant case decided that *Wooden* had no effect on this Court's precedent, but stated its disagreement with this aspect of *Stowell*. *Id.* Because the decision of a panel binds future panels, *see Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc), the panel's conclusion in the instant case that *Wooden* has changed nothing should be reexamined by the en banc Court—especially since the Government and the defendant now both disagree with this conclusion.

14

## CONCLUSION

Mr. Stowell and the Government are now in apparent agreement that the Sixth Amendment requires a jury to find (or a defendant to admit) that ACCA-predicate offenses were committed on separate occasions in light of *Wooden*. Because the panel found that it was bound by prior precedent to reject this argument, and because that precedent is incompatible with the Supreme Court's recent ACCA and Sixth Amendment cases, en banc rehearing is necessary. The panel opinion should accordingly be vacated, and Mr. Stowell's Petition for Rehearing En Banc should be granted.

       Respectfully submitted,

       BRUCE D. EDDY
       FEDERAL PUBLIC DEFENDER
       WESTERN DISTRICT OF ARKANSAS

By:   /s/ *C. Aaron Holt*
       James B. Pierce
       Assistant Federal Public Defender
       C. Aaron Holt
       Assistant Federal Public Defender
       Office of the Federal Public Defender
       112 W. Center Street, Suite 300
       Fayetteville, AR 72701
       (479) 442-2306

## CERTIFICATE OF SERVICE/COMPLIANCE

I hereby certify that on September 6, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I further certify the full text of this petition was prepared in Word for Microsoft 365, font Book Antiqua, size 14, and that this brief contains 3,459 total words and accordingly complies with the type-volume limitation set forth in Fed. R. App. P. 35(b)(2).

/s/ *C. Aaron Holt*
C. Aaron Holt