No. 21-2234

## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

————————

UNITED STATES OF AMERICA,

*Appellee,*

v.

CHRISTOPHER STOWELL,

*Appellant.*

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF ARKANSAS, FORT SMITH DIVISION

————————

## SUPPLEMENTAL EN BANC BRIEF OF APPELLANT

————————

James B. Pierce
C. Aaron Holt
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
112 W. Center Street, Suite 300
Fayetteville, AR 72701

L. Nicole Allan
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111

Michael R. Dreeben
*Counsel of Record*
Rachel A. Chung
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

Heather Welles
Natalie D. Camastra
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

## SUPPLEMENTAL SUMMARY OF THE CASE

The district court enhanced Appellant Christopher Stowell's sentence under the Armed Career Criminal Act (ACCA). Mr. Stowell appealed, arguing that (1) his prior offenses did not occur on "occasions different from one another" under the ACCA, and (2) the different-occasions inquiry should have been submitted to a jury.

Shortly before the appeal was submitted, the Supreme Court decided *Wooden v. United States*, 142 S. Ct. 1063, 1070 (2022), which announced a "multi-factored," holistic inquiry into whether ACCA predicate offenses occurred on different occasions. The panel affirmed Mr. Stowell's sentence as consistent with Eighth Circuit precedent and *Wooden*. Mr. Stowell sought en banc review of this decision.

This Court granted review on (1) whether the Sixth Amendment requires that a jury conduct the occasions inquiry, and (2) whether the panel opinion conflicts with *Wooden*. The answer to both questions is yes. Accordingly, the Court should vacate the sentence and remand for resentencing without the ACCA enhancement, or remand to the district court for consideration of the harmless-error issue in the first instance and for further proceedings consistent with the Court's opinion.

i

# TABLE OF CONTENTS

**Page**

SUPPLEMENTAL SUMMARY OF THE CASE ....................................... i

STATEMENT OF ISSUES ......................................................... 1

PROCEDURAL HISTORY ......................................................... 2

SUMMARY OF ARGUMENT ..................................................... 9

ARGUMENT ....................................................................... 12

I. THE CONSTITUTION REQUIRES THAT THE GOVERNMENT CHARGE AND PROVE TO A JURY BEYOND A REASONABLE DOUBT THAT A DEFENDANT'S PRIOR CONVICTIONS WERE COMMITTED ON DIFFERENT OCCASIONS ........................... 12

    A. The Indictment, Jury-Trial, And Proof-Beyond-A-Reasonable-Doubt Requirements Apply To Facts That Increase A Minimum Or Maximum Sentence ..................... 12

    B. The ACCA's Different-Occasions Issue Requires Factual Determinations Beyond The Fact Of Prior Conviction ................................................................. 15

II. THE PANEL ERRED BY FAILING TO APPLY THE HOLISTIC OCCASIONS INQUIRY REQUIRED BY *WOODEN* ..................................................................... 22

III. THIS COURT SHOULD VACATE THE SENTENCE OR, IN THE ALTERNATIVE, REMAND FOR HARMLESS-ERROR REVIEW ....................................................... 26

    A. The Error Here Increased Mr. Stowell's Mandatory Minimum Sentence And Thus Was Harmful ..................... 27

    B. The Error Was Not Harmless Even If This Court Were To Apply An Evidence-Based Approach .............................. 30

    C. Alternatively, The Court Could Remand For The District Court To Conduct The Harmless-Error Inquiry .... 34

CONCLUSION ..................................................................... 38

Appellate Case: 21-2234    Page: 3    Date Filed: 03/21/2023 Entry ID: 5257248

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alleyne v. United States,*
570 U.S. 99 (2013) ................................................................ 1, 8-9, 13, 29

*Almendarez-Torres v. United States,*
523 U.S. 224 (1998) ...................................................................... 13, 18

*Apprendi v. New Jersey,*
530 U.S. 466 (2000) ..................................................................... passim

*Blakely v. Washington,*
542 U.S. 296 (2004) ............................................................................ 14

*Cunningham v. California,*
549 U.S. 270 (2007) ............................................................................ 14

*Descamps v. United States,*
570 U.S. 254 (2013) ......................................................................... 9, 20

*Johnson v. United States,*
520 U.S. 461 (1997) ............................................................................ 29

*Lund v. United States,*
19 F.2d 46 (8th Cir. 1927) .................................................................. 33

*Mathis v. United States,*
579 U.S. 500 (2016) ..................................................................... passim

*Neder v. United States,*
527 U.S. 1 (1999) ................................................................................ 36

*Pereida v. Wilkinson,*
141 S. Ct. 754 (2021) .................................................................... 21, 36

*Ring v. Arizona,*
536 U.S. 584 (2002) ............................................................................ 14

Appellate Case: 21-2234     Page: 4     Date Filed: 03/21/2023 Entry ID: 5257248

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*S. Union Co. v. United States,*
567 U.S. 343 (2012) ................................................................. 14

*Shepard v. United States,*
544 U.S. 13 (2005) ............................................................. 18, 19

*United States v. Abbott,*
794 F.3d 896 (8th Cir. 2015) ................................. 1, 23, 24, 25

*United States v. Allen,*
406 F.3d 940 (8th Cir. 2005) ............................................... 37

*United States v. Anderson,*
236 F.3d 427 (8th Cir. 2001) ............................................... 31

*United States v. Booker,*
543 U.S. 220 (2005) ............................................................. 14

*United States v. Buford,*
54 F.4th 1066 (8th Cir. 2022) ............................................. 22

*United States v. Cotton,*
535 U.S. 625 (2002) ....................................................... 13, 37

*United States v. Du Bo,*
186 F.3d 1177 (9th Cir. 1999) ............................................. 37

*United States v. Dudley,*
5 F.4th 1249 (11th Cir. 2021) ............................................. 16

*United States v. Evans,*
738 F.3d 935 (8th Cir. 2014) ............................................... 22

*United States v. Gaudin,*
515 U.S. 506 (1995) ............................................................. 17

*United States v. Greene,*
513 F.3d 904 (8th Cir. 2008) ............................................... 37

Appellate Case: 21-2234    Page: 5    Date Filed: 03/21/2023 Entry ID: 5257248

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*United States v. Harris,*
794 F.3d 885 (8th Cir. 2015) ........................................................... 7, 22

*United States v. Hennessee,*
932 F.3d 437 (6th Cir. 2019) ......................................................... 19, 20

*United States v. Henson,*
550 F.3d 739 (8th Cir. 2008) ................................................................ 31

*United States v. Lara-Ruiz,*
721 F.3d 554 (8th Cir. 2013) ............................................... 1, 10, 28, 29

*United States v. Man,*
2022 WL 17260489 (9th Cir. Nov. 29, 2022) ...................................... 34

*United States v. Marcussen,*
403 F.3d 982 (8th Cir. 2005) ................................................................ 22

*United States v. Maynie,*
257 F.3d 908 (8th Cir. 2001) ...................................................... 1, 28, 31

*United States v. McDaniel,*
925 F.3d 381 (8th Cir. 2019) ................................................................ 22

*United States v. Olano,*
507 U.S. 725 (1993) ...................................................................... 27, 30

*United States v. Perry,*
908 F.3d 1126 (8th Cir. 2018) ................................................... 7, 16, 17

*United States v. Ramsey,*
498 F. App'x 653 (8th Cir. 2013) ......................................................... 22

*United States v. Robinson,*
43 F.4th 892 (8th Cir. 2022) ................................................................ 22

*United States v. Sayre,*
400 F.3d 599 (8th Cir. 2005) ................................................................ 30

Appellate Case: 21-2234    Page: 6    Date Filed: 03/21/2023 Entry ID: 5257248

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*United States v. Shaw,*
　751 F.3d 918 (8th Cir. 2014) ............................................................. 31

*United States v. Stowell,*
　40 F.4th 882 (8th Cir. 2022) ..................................................... passim

*United States v. Thompson,*
　421 F.3d 278 (4th Cir. 2005) ............................................................. 16

*United States v. Thornton,*
　766 F.3d 875 (8th Cir. 2014) ............................................................. 36

*United States v. Williams,*
　2022 WL 1510779 (8th Cir. May 13, 2022) ................................ 1, 34, 35

*United States v. Williams,*
　976 F.3d 781 (8th Cir. 2020) ...................................................... 1, 34-35

*United States v. Willoughby,*
　653 F.3d 738 (8th Cir. 2011) ...................................................... passim

*United States v. Wilson,*
　406 F.3d 1074 (8th Cir. 2005) ........................................................... 22

*United States v. Zamichieli,*
　2022 WL 17484324 (3d Cir. Dec. 7, 2022) ........................................ 35

*Williams v. United States,*
　142 S. Ct. 1439 (2022) ...................................................................... 35

*Wooden v. United States,*
　142 S. Ct. 1063 (2022) ............................................................... passim

## Statutes

18 U.S.C. § 924(a)(8) ........................................................................ 15

18 U.S.C. § 924(e)(1) ................................................................. 2, 9, 15

Appellate Case: 21-2234　　Page: 7　　Date Filed: 03/21/2023 Entry ID: 5257248

**Page(s)**

Pub. L. No. 117-159, div. A, tit. II, § 12004(c), 136 Stat. 1329..............15

**Other Authorities**

Note, *The Occasions Clause Paradox*, 136 Harv. L. Rev. 711 (2022).....21

**Rules**

Federal Rule of Criminal Procedure 52(a) ...................................1, 10, 27

Appellate Case: 21-2234     Page: 8     Date Filed: 03/21/2023 Entry ID: 5257248

# STATEMENT OF ISSUES

**Issue I:     Whether the Sixth Amendment requires the "separate occasions" determination to be made by a jury.**

*Apprendi v. New Jersey*, 530 U.S. 466 (2000)

*Alleyne v. United States*, 570 U.S. 99 (2013)

*Mathis v. United States*, 579 U.S. 500 (2016)

**Issue II:    Whether the panel opinion conflicts with *Wooden v. United States*, 142 S. Ct. 1063 (2022).**

*Wooden v. United States*, 142 S. Ct. 1063 (2022)

*United States v. Willoughby*, 653 F.3d 738 (8th Cir. 2011)

*United States v. Abbott*, 794 F.3d 896 (8th Cir. 2015), *abrogated by*

    *Wooden*, 142 S. Ct. 1063

*United States v. Williams*, 976 F.3d 781 (8th Cir. 2020), *vacated*, 142 S.

    Ct. 1439 (2022)

**Issue III:  Whether Mr. Stowell's sentence should be vacated or his case remanded to the district court for harmless-error review.**

Federal Rule of Criminal Procedure 52(a)

*United States v. Lara-Ruiz*, 721 F.3d 554 (8th Cir. 2013)

*United States v. Maynie*, 257 F.3d 908 (8th Cir. 2001)

*United States v. Williams*, 2022 WL 1510779 (8th Cir. May 13, 2022)

1

## PROCEDURAL HISTORY

1.  In October 2020, a grand jury charged Mr. Stowell in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (R. Doc. 1).  The indictment did not allege that Mr. Stowell was exposed to sentencing under the ACCA, identify any prior convictions, or say that he had three prior convictions "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

In January 2021, Mr. Stowell pleaded guilty to the indictment.  (R. Doc. 32 at 1).  The Probation Office's Presentence Investigation Report (PSR) recommended that the court enhance Mr. Stowell's sentence under the ACCA, on the basis that Mr. Stowell had prior Arkansas state convictions that qualify as ACCA predicate offenses: a 2004 conviction for residential burglary; a 2006 conviction for battery second degree; and a 2006 conviction for battery first degree and possession of a firearm by a certain person.  (PSR ¶¶ 27, 40, 62, 65-66).

In his sentencing memorandum and objections to his PSR, Mr. Stowell objected to the ACCA enhancement, contending that his March 12, 2006 Arkansas convictions for second-degree battery (PSR ¶ 65) and

2

first-degree battery (PSR ¶ 66) were not committed on different "occasions" from each other within the meaning of the ACCA and therefore did not separately qualify for the ACCA enhancement. (R. Doc. 21 at 3-5); (R. Doc. 25 at 2-4). The only record evidence of the prior battery convictions was contained in two paragraphs of the PSR purporting to describe those convictions:

> According to the felony information filed in this case, on or about March 8, 2006, Stowell did unlawfully, feloniously and with the purpose of causing physical injury to [Victim 1], cause serious physical injury to [Victim 1], by means of a deadly weapon. . . .
>
> According to the felony information filed in this case, on or about March 11, 2006, Stowell did unlawfully, feloniously and with the purpose of causing serious physical injury to another person, cause serious physical injury to [Victim 2], by means of a deadly weapon. On that same date, Stowell was found to be in possession of a firearm after having been previously convicted of a felony.

(PSR ¶¶ 65, 66). The PSR contains no other information about these convictions, nor does it include the underlying documents or any other evidence.

In May 2021, Mr. Stowell appeared for sentencing. The district court indicated that it had considered the PSR and Mr. Stowell's sentencing memorandum (TR. at 4-5) and rejected Mr. Stowell's argument.

3

The court explained that, although the dates of conviction for both battery offenses were the same, the "narrative in the criminal history" contained in the PSR demonstrated that they were "separate offenses"; "[t]hey occurred on separate dates." (TR. at 5:23-6:15). Applying the ACCA sentence enhancement, the district court sentenced Mr. Stowell to the mandatory minimum of 180 months of imprisonment—five years above the otherwise-applicable ten-year maximum term prescribed for the offense of conviction—to be followed by five years of supervised release. (TR. at 10-21); (R. Doc. 31).

2. In a published opinion, a divided panel affirmed Mr. Stowell's sentence as an armed career criminal under 18 U.S.C. § 924(e). *United States v. Stowell*, 40 F.4th 882 (8th Cir. 2022). Mr. Stowell argued to the district court, and on appeal to this Court, that based on the date of conviction, two of his predicate offenses were committed on the same occasion and should accordingly have been counted only as a single predicate. Mr. Stowell also argued that the application of a sentencing enhancement under the ACCA violated his Fifth and Sixth Amendment rights because its requirements—*i.e.*, three prior qualifying convictions for offenses that were "committed on occasions different from one an-

4

other"—were not charged in the indictment and proved to a jury beyond a reasonable doubt (or admitted in a guilty plea). The panel rejected both arguments.

Shortly before the case was submitted to the panel, the Supreme Court issued its opinion in *Wooden v. United States*, 142 S. Ct. 1063 (2022), resolving a circuit conflict over the meaning of the "occasions clause." The Court adopted a holistic and multifactored factual approach to the resolution of that question. The Court also noted, but did not decide, "another question arising from ACCA's occasions clause: whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion." 142 S. Ct. at 1068 n.3.

In this case, the panel majority applied pre-*Wooden* circuit case law for resolving issues under the occasions clause. That law entailed review of three factors: (1) the "time lapse between offenses"; (2) the proximity of the offenses; and (3) "substantive continuity" or discontinuity. *Stowell*, 40 F.4th at 884 (quoting *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011)). Applying those factors, the Court concluded that they "suggest that Stowell committed the batteries on dif-

5

ferent occasions." *Id*. The Court explained that "the offenses occurred three days apart" and "lacked any substantive continuity." *Id*. at 884-85. The Court added that *Wooden* may have called into question the Circuit's test for prior offenses committed closely in time and place, but believed that *Wooden* otherwise did not "supplant" the court of appeals' "three-factor test." *Id*. at 885 n.2.

The panel also rejected Mr. Stowell's argument that the Constitution requires the issue of whether the prior offenses were committed on different occasions "to be submitted to a jury and found beyond a reasonable doubt." *Id*. at 885. The Court cited Supreme Court holdings that a fact, "[o]ther than the fact of prior conviction," that raises the maximum or minimum sentence must be found by a jury, *id*. (internal quotation marks omitted), and that a sentencing court "is limited to the 'fact of conviction,' which includes only the elements of the offense, when determining whether a prior generic state offense qualifies as a 'violent felony.'" *Id*. (citing *Mathis v. United States*, 579 U.S. 500, 511-12 (2016)). If the fact-of-conviction limitation applied to the different-occasions issue, the panel wrote, "we are left only with the fact that Stowell was convicted of both offenses, because the date of commission

6

is not an element of battery," and the entry of the convictions on the same date "do[es] not provide enough information to conclude that the offenses were committed on separate occasions." *Id.*

Nevertheless, the panel found this argument "foreclosed by our precedent" that treated "recidivism-related facts" as falling outside the jury-trial and reasonable-doubt requirements. *Id.* (quoting *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015), and citing multiple Eighth Circuit cases). The panel recognized that "the constitutionality of this practice has recently been questioned." *Id.* (citing *Wooden*, 142 S. Ct. at 1087 n.7 (Gorsuch, J., concurring); *United States v. Perry*, 908 F.3d 1126, 1136 (8th Cir. 2018) (Stras, J., concurring)). But, the panel concluded, "it remains the law of our circuit." *Id.*

Judge Kelly dissented. *Id.* at 886-87 (Kelly, J., dissenting). She noted that in *Wooden*, the Supreme Court resolved a circuit split over the proper analysis for determining whether ACCA predicate offenses were committed on different occasions. *Id.* at 886 (Kelly, J., dissenting). This analysis is "multi-factored in nature, taking into account the timing of offenses, as well as the proximity of the locations, and the character and relationship of the offenses." *Id.* (citing *Wooden*, 142 S. Ct. at

7

1071). Here, she explained, the district court presumably relied on pre-*Wooden* Circuit precedent treating a brief gap in time between offenses as sufficient to justify the conclusion that the offenses occurred on different occasions; the district court "relied only on the dates of the offenses as identified in the PSR" to support its conclusion. *Id.* For that reason, and consistent with the Circuit's treatment of another case in which the sentencing court had imposed an ACCA sentence before *Wooden*, Judge Kelly would have remanded to the district court to allow it to conduct the new "fact-intensive inquiry" prescribed by *Wooden* in the first instance. *Id.* at 887.

3. Mr. Stowell petitioned for rehearing en banc on the question whether the sentencing court had violated his Fifth and Sixth Amendment rights by imposing an ACCA sentence based on its own determination that his prior battery convictions were committed on "occasions different from one another." Pet. for Reh'g En Banc 5-15. The petition argued that in light of the Supreme Court's decision in *Wooden*, the different-occasions issue is fact-intensive and cannot be resolved based on the fact of prior conviction alone; accordingly, under Supreme Court decisions—including *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne*

8

*v. United States*, 570 U.S. 99 (2013), *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 579 U.S. 500 (2016)—the factual question of whether prior convictions were committed on different occasions was for the jury to resolve. *Id.* 7-13. The government agreed that en banc review of that issue was warranted and that "the Sixth Amendment requires that the ACCA's different occasions determination be made by a jury or admitted by the defendant." U.S. Resp. to Reh'g Pet. 10. This Court granted rehearing en banc.

## SUMMARY OF ARGUMENT

The Constitution requires that any fact, other than the fact of a prior conviction, be charged in a federal indictment, submitted to the jury, and proved beyond a reasonable doubt. Equally clear—in light of *Wooden v. United States*, 142 S. Ct. 1063 (2022)—is that the determination whether two prior convictions were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), turns on a multifactored, holistic analysis that depends on factual issues beyond the scope of the fact of prior conviction itself. The conclusion that follows is that the Fifth and Sixth Amendment's indictment, jury-trial, and reasonable-doubt requirements apply to the different-occasions issue and preclude

9

judicial factfinding to determine whether the required separateness exists between two prior convictions.

Here, the district court itself made the determination at the sentencing stage that the ACCA applied. And the court did so based solely on the PSR's recitation of the dates on which the prior offenses were assertedly committed—thus relying on factual issues that fall outside the scope of the prior conviction itself. The court's reliance solely on the dates of the offenses reflected pre-*Wooden* standards in Circuit law, but the Supreme Court has now abrogated that approach in *Wooden* and prescribed a multifactor test. And the resolution of the different-occasions issue by the court, rather than a jury, violated Mr. Stowell's Fifth and Sixth Amendment rights.

The constitutional error affected Mr. Stowell's substantial rights. *See* Fed. R. Crim. P. 52(a). The district court's application of the ACCA elevated Mr. Stowell's sentence from a maximum of ten years to a minimum of fifteen years imprisonment. That increase in the mandatory minimum itself affected his substantial rights and requires reversal. *See United States v. Lara-Ruiz*, 721 F.3d 554, 558 (8th Cir. 2013). But even if the Court were to apply a harmless-error analysis that asked

10

whether it was clear beyond a reasonable doubt that a rational jury would have found the fact that increased the statutory range, this record requires reversal. The only evidence in the record bearing on the different-occasions issue is the PSR's recitation of the charging instruments from the prior state proceeding. The facts asserted in those documents cannot carry the government's burden on the separate-occasions issue beyond a reasonable doubt. Not only is the record undeveloped on the underlying facts, but the non-elemental facts from prior-conviction records that the PSR cited "are prone to error precisely because their proof is unnecessary" to conviction, thus making reliance on such non-elemental facts a source of "unfairness to defendants" when they "trigger[] a lengthy mandatory sentence." *Mathis v. United States*, 579 U.S. 500, 512 (2016). The record thus contains no reliable basis for conducting the multi-factor analysis that *Wooden* requires, let alone enough to carry the government's burden to show harmlessness.

Accordingly, the Court should vacate Mr. Stowell's sentence and remand for resentencing without the ACCA enhancement. Alternatively, if the Court wishes to leave the application of the harmless-error standard to the district court in the first instance, it may remand to the

Appellate Case: 21-2234    Page: 19    Date Filed: 03/21/2023 Entry ID: 5257248

district court for determination of that issue on the existing record and for further proceedings consistent with the Court's opinion.

## ARGUMENT

## I. THE CONSTITUTION REQUIRES THAT THE GOVERNMENT CHARGE AND PROVE TO A JURY BEYOND A REASONABLE DOUBT THAT A DEFENDANT'S PRIOR CONVICTIONS WERE COMMITTED ON DIFFERENT OCCASIONS

The constitutional issue in this case can be resolved by a straightforward syllogism. When a fact other than the fact of prior conviction increases the minimum or maximum sentence, it must be determined by a jury beyond a reasonable doubt. The ACCA increases the minimum and maximum sentence when a defendant has three prior convictions for offenses committed on different occasions—and *Wooden* makes clear that the "occasions" issue turns on facts beyond the entry of conviction. Therefore, unless the defendant admits that the ACCA applies, the "occasions" issue must be alleged in the indictment and resolved by the jury beyond a reasonable doubt.

### A. The Indictment, Jury-Trial, And Proof-Beyond-A-Reasonable-Doubt Requirements Apply To Facts That Increase A Minimum Or Maximum Sentence

The Supreme Court has held that "any fact," "[o]ther than the fact of a prior conviction, . . . that increases the penalty for a crime beyond

12

the prescribed statutory maximum"—or that increases the mandatory minimum—"must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see Alleyne v. United States*, 570 U.S. 99 (2013) (applying *Apprendi* to mandatory minimums). "In federal prosecutions, such facts must also be charged in the indictment." *United States v. Cotton*, 535 U.S. 625, 627 (2002).

The Court has recognized only a single exception to its jury-trial-protective holding in *Apprendi*: a judge may determine at sentencing, by a preponderance of the evidence, a minimum- or maximum-increasing fact *only* for the "fact of a prior conviction." *Apprendi*, 530 U.S. at 490; *Alleyne*, 570 U.S. at 103; *Almendarez-Torres v. United States*, 523 U.S. 224, 230, 234, 244 (1998) (recidivism exception). Apart from that narrow exception, the right to a jury trial, with the government bearing the burden of proof beyond a reasonable doubt, attaches to such sentence-enhancing facts.

*Apprendi* explained why those guarantees apply. "If a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that

both the loss of liberty and the stigma attaching to the offense are heightened; it necessarily follows that the defendant should not—at the moment the State is put to proof of those circumstances—be deprived of protections that have, until that point, unquestionably attached." *Apprendi*, 530 U.S. at 484.

The Supreme Court has consistently applied that principle to require jury determinations, beyond a reasonable doubt, of facts that increase an individual's sentence above the otherwise-applicable minimum or maximum sentence. *See, e.g.*, *Ring v. Arizona*, 536 U.S. 584 (2002) (imposition of death penalty based on judicial factfinding); *Blakely v. Washington*, 542 U.S. 296 (2004) (mandatory state sentencing guidelines); *United States v. Booker*, 543 U.S. 220 (2005) (mandatory federal sentencing guidelines); *Cunningham v. California*, 549 U.S. 270 (2007) (mandatory state sentencing enhancements); *S. Union Co. v. United States*, 567 U.S. 343 (2012) (imposition of criminal fines based on judicial factfinding). Thus, unless the defendant admits the relevant facts, the judge "exceeds his proper authority" by imposing an enhanced sentence on the basis of facts not found by a jury beyond a reasonable doubt. *Blakely*, 542 U.S. at 304.

14

**B.    The ACCA's Different-Occasions Issue Requires Factual Determinations Beyond The Fact Of Prior Conviction**

The ACCA increases the imprisonment range for a violation of 18 U.S.C. § 922(g) by mandating a fifteen-year prison term and elevating the maximum to life. *See* 18 U.S.C. § 924(e)(1). Here, the district court's application of the ACCA increased Mr. Stowell's sentencing range from a maximum of ten years of imprisonment for his violation of Section 922(g) to a minimum of fifteen years.[1] That increase is authorized only if the three prior qualifying felonies were "committed on occasions different from one another." *Id.*

Even before *Wooden*, multiple judges—including a member of this Court—recognized that the ACCA's "occasions different from one another" requirement turns on facts that cannot be determined by ascertaining the elements of the offense from a prior judgment of conviction, so

---

[1] In the Bipartisan Safer Communities Act, Congress increased the maximum penalty for a violation of Section 922(g) to "not more than 15 years" of imprisonment. *See* Pub. L. No. 117-159, div. A, tit. II, § 12004(c), 136 Stat. 1329 (June 25, 2022), codified at 18 U.S.C. § 924(a)(8). That amendment does not apply here and, in any event, has no bearing on the constitutional issue in this case. Under the amended penalty scheme, as in the former one, the ACCA significantly enhances both the minimum and the maximum sentence for a violation of Section 922(g).

15

*Apprendi* requires that this issue be resolved by a jury. *See, e.g.*, *United States v. Perry*, 908 F.3d 1126, 1134 (8th Cir. 2018) (Stras, J., concurring) (court's treatment of different-occasions issue as one for the judge "falls in line with our cases but is a departure from fundamental Sixth Amendment principles"); *United States v. Thompson*, 421 F.3d 278, 294 (4th Cir. 2005) (Wilkins, C.J., dissenting) (employing *Apprendi* analysis to find that facts "about a crime underlying a prior conviction," including dates, are beyond the "fact of a prior conviction" exception); *see also United States v. Dudley*, 5 F.4th 1249, 1275 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part) ("[W]hy doesn't judicial factfinding involving ACCA's different-occasions requirement itself violate the Sixth Amendment? After all, we've described the different-occasions inquiry as a factual one.").

After *Wooden*, it is incontestable that the question whether the asserted ACCA predicates were committed on occasions different from one another implicates factual questions that fall within the *Apprendi* principle. *Wooden* held that the proper inquiry for determining whether offenses were committed on occasions different from one another is "multi-factored." 142 S. Ct. at 1070. "Offenses committed close in time,

Appellate Case: 21-2234    Page: 24    Date Filed: 03/21/2023 Entry ID: 5257248

in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id.* at 1071. Similarly, "[p]roximity of location" matters; "the further away crimes take place, the less likely they are components of the same criminal event." *Id.* And "[t]he more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion." *Id.* These facts—and the application of *Wooden*'s legal standard to them—raise quintessential matters for jury determination. *See United States v. Gaudin*, 515 U.S. 506, 512 (1995) (jury-trial right embraces both questions of historical fact and "the application-of-legal-standard-to-fact sort of question"); U.S. Resp. to Reh'g Pet. 9 ("The different-occasions inquiry set forth in *Wooden* compels the sort of factfinding the Supreme Court has prohibited a sentencing judge from performing under the Sixth Amendment.").

The exception to the rule articulated in *Apprendi* for the fact of a prior conviction does not apply to the occasions inquiry. Again, multiple judges have recognized this point. *See, e.g.*, *Perry*, 908 F.3d at 1135 (Stras, J., concurring) (noting that "if all facts having some relationship

17

to recidivism were exempt from the Sixth Amendment, then the leading ACCA cases would not contain the reasoning that they do"). *Almendarez-Torres* held that a court (rather than a jury) may find the *fact* of a prior conviction. 523 U.S. at 226. But this exception is a limited one: it reaches only the fact of the conviction itself and the elements of the offense of conviction. *See Mathis v. United States*, 579 U.S. 500, 511-12 (2016). A judge "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of." *Id.* (citing *Apprendi*, 530 U.S. at 490). "[A] judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." *Id.* at 511 (citing *Shepard v. United States*, 544 U.S. 13, 25 (2005)). "[A]llowing a sentencing judge to go any further would raise serious Sixth Amendment concerns." *Id.*

A determination of the fact and elements of a prior conviction does not reveal information sufficient to make the occasions determination under *Wooden*. The panel itself recognized that, if a sentencing court were to apply the limitations on the use of prior convictions that the Supreme Court has imposed in determining whether a prior state con-

18

viction qualifies under the ACCA, *see id.* at 511-12, the court would be left only with "the fact that [a defendant] was convicted"—neither "the date of commission" of an offense, nor (for that matter) any of the other facts made relevant by *Wooden*, is an element. *Stowell*, 40 F.4th at 885. The fact of multiple prior convictions says nothing about whether they arose "from a single criminal episode." *Wooden*, 142 S. Ct. at 1067. The entry of a conviction does not show whether the offenses were committed in one uninterrupted course of conduct, nor the extent of the gaps in time between them, nor the proximity of the locations at which the offenses occurred, nor whether they share a common scheme or purpose. *Id.* at 1071. Indeed, the entry of a conviction does not even determine the date on which an underlying offense was committed. As a result, the "occasions" issue cannot fall within the exception articulated by *Almendarez-Torres*: resolving that issue requires determining far more than the fact of a prior conviction.

Some courts sought to solve this invasion of the jury's domain by confining courts determining the ACCA occasions issue to the documents identified in *Shepard v. United States*, 544 U.S. 13 (2005). *See, e.g.*, *United States v. Hennessee*, 932 F.3d 437, 442-43 (6th Cir. 2019).

19

That approach fails. *See id.* at 450-52 (Cole, C.J., dissenting) (finding that reasoning "constitutionally problematic"). *Shepard* documents comprise conviction records such as the charging instrument, guilty plea transcript, or jury instructions; the court may review this narrow set of documents only to determine which of the alternative elements within a divisible statute necessarily served as the basis for the prior conviction. *Descamps v. United States*, 570 U.S. 254, 262-63 (2016). As *Descamps* confirmed, *Shepard* documents cannot be used "to determine what the defendant and state judge must have understood as the factual basis of the prior plea." *Id.* (internal quotation marks omitted). *Mathis* reaffirmed this holding, explaining that it is unfair to defendants to rely on "'non-elemental fact[s]' in the records of prior convictions," because these purported facts "are prone to error precisely because their proof is unnecessary." 579 U.S. at 512 (quoting *Descamps*, 570 U.S. at 270). "Such inaccuracies should not come back to haunt the defendant many years down the road by triggering a lengthy mandatory sentence." *Id.*

Shepard documents thus cannot be used to establish the facts underlying a prior conviction. "[T]he who, what, when, and where of a

conviction" all "pose questions of fact." *Pereida v. Wilkinson*, 141 S. Ct. 754, 765 (2021). None of them is embraced by the fact of the conviction itself, and none is admitted through a guilty plea. It follows that they cannot be used by a sentencing court to resolve the "occasions different from one another" inquiry. Not even the date or location of an offense is an element that can be discerned from the *Shepard* documents consistent with *Apprendi*, *Descamps*, and *Mathis*—much less the exact time between the offenses, their geographic proximity, or how similar they are in nature. The necessary conclusion is that such issues are subject to the constitutional requirements of indictment, jury trial, and proof beyond a reasonable doubt.

The severe sentencing consequences of the ACCA underscore the critical importance of these constitutional principles in this context. And the multifactor nature of the different-occasions inquiry "make[s] the identity of the factfinder and the standard of proof even more significant." Note, *The Occasions Clause Paradox*, 136 Harv. L. Rev. 711, 721 (2022). "Many of these cases are likely to be close calls, and reasonable minds may differ on whether certain offenses occurred on the same occasion." *Id*. A defendant's jury-trial right provides significant protec-

Appellate Case: 21-2234    Page: 29    Date Filed: 03/21/2023 Entry ID: 5257248

tion in such cases. And "in every case, regardless of whether the resolution is easy or hard, criminal defendants are entitled to a jury determination of a fact that can expose them to a longer mandatory prison term." *United States v. McDaniel*, 925 F.3d 381, 390 (8th Cir. 2019) (Stras, J., concurring).

For these reasons, the Court should overrule its cases holding that a judge may determine whether a defendant's predicate ACCA offenses were committed on different occasions.[2] Instead, it should hold that this fact must be charged in an indictment, and, absent an admission by the defendant, be determined by a jury beyond a reasonable doubt.

## II. THE PANEL ERRED BY FAILING TO APPLY THE HOLISTIC OCCASIONS INQUIRY REQUIRED BY *WOODEN*

*Wooden* adopted a holistic, "multi-factored" inquiry for determining whether offenses were committed on occasions different from one another. *Wooden v. United States*, 142 S. Ct. 1063, 1070 (2022). It also expressly abrogated the precedent from this Court on which the panel

---

[2] *E.g.*, *United States v. Buford,* 54 F.4th 1066, 1069 (8th Cir. 2022); *United States v. Robinson*, 43 F.4th 892, 895-96 (8th Cir. 2022); *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015); *United States v. Evans*, 738 F.3d 935, 936-937 (8th Cir. 2014) (per curiam); *United States v. Ramsey*, 498 F. App'x 653, 654 (8th Cir. 2013) (per curiam); *United States v. Marcussen*, 403 F.3d 982, 984 (8th Cir. 2005); *United States v. Wilson*, 406 F.3d 1074, 1075 (8th Cir. 2005).

Appellate Case: 21-2234     Page: 30     Date Filed: 03/21/2023 Entry ID: 5257248

relied—precedent that fell on the wrong side of the circuit split *Wooden* resolved. *Id.* at 1068 & n.1 (abrogating *United States v. Abbott*, 794 F.3d 896, 898 (8th Cir. 2015)). Put simply, the panel decision relied on cases that are no longer good law on this issue. This Court should clarify that *Wooden*—not this Circuit's pre-*Wooden* precedent—controls the different-occasions issue.

In concluding that Mr. Stowell's predicate battery offenses were committed on separate occasions, the panel employed this Court's three-factor analysis to determine whether multiple offenses were committed on separate occasions: "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3) their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." *United States v. Stowell*, 40 F.4th 882, 884 (8th Cir. 2022) (quoting *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011)). Although this test articulates three factors, it permits time elapsed to be dispositive: "to prove that two offenses are sufficiently separate and distinct for ACCA purposes, it is *sufficient* (although, not necessary) to show that some time elapsed between the two prospective predicate offenses."

23

*Willoughby*, 653 F.3d at 743; *see also Abbott*, 794 F.3d at 898 (same), *abrogated by Wooden*, 142 S. Ct. 1063.

In this case, the district court relied solely and dispositively on the time elapsed between Mr. Stowell's battery offenses—that is, their dates as described in the PSR—to conclude they took place on different occasions. The district court explained that although "[t]he judgment and dates of conviction are the same date . . . , if you go back and look at the criminal history . . . you'll see that the [offenses] were separate offenses. They occurred on separate dates." (TR. at 5:23-6:15). The panel slightly expanded its factual analysis, relying on the PSR's dates and its recitation that the batteries were committed against different victims to conclude that "the offenses lacked any substantive continuity—they were directed at two different, unrelated victims with no indication of a common motivation." *Stowell*, 40 F.4th at 885. But the panel did not dispute that under *Abbott*, a conclusion that "some time elapsed" between the commission of the predicate crimes is "sufficient" to satisfy the different occasions issue. *Id.* at 886 (Kelly, J., dissenting) (quoting *Abbott*, 794 F.3d at 898). And nothing in the PSR explains who the vic-

tims were (beyond their names), their relationship to Mr. Stowell, or the motivation for the offenses.

*Wooden* supplants that analysis. *Wooden* resolved a division between the courts of appeals over the proper method to determine the ACCA occasions inquiry. While some courts of appeals—including this Court—had held the occasions clause was satisfied "whenever crimes take place at different moments in time," others had employed "a more holistic inquiry." *Wooden*, 142 S. Ct. at 1068 & nn.1-2. *Wooden* adopted the latter approach. In so doing, the Supreme Court explicitly abrogated *Abbott*—which reiterated this Court's rule that time elapsed "is sufficient" to show offenses occurred on different occasions. *Wooden*, 142 S. Ct. at 1068 & n.1 (abrogating *Abbott*); *see Abbott*, 794 F.3d at 897-98.

*Wooden* acknowledged that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions." 142 S. Ct. at 1071. But that possibility does not eliminate the need for a fact-intensive inquiry that includes analysis of the overall circumstances. As *Wooden* explained, a single occurrence "may itself encompass multiple, temporally distinct activities" connected by "a shared theme" that makes them "part of a single event" despite temporal separation.

Appellate Case: 21-2234    Page: 33    Date Filed: 03/21/2023 Entry ID: 5257248

*Id.* at 1069. That time may in some cases be decisive does not free the factfinder from considering the broader circumstances of the offenses. The district court's singular focus on the time elapsed between Mr. Stowell's predicate battery offenses was thus error in light of the Supreme Court's later opinion in *Wooden*.

The panel's view that *Wooden* did not supplant the Circuit's three-factor test except perhaps in cases involving prior offenses committed "close enough in time," 40 F.4th at 885 n.2, is thus unfounded. Regardless of any similarity to the Circuit's prior formulation, *Wooden*'s articulation of the governing standard takes precedence. The Court should accordingly make clear that henceforth, *Wooden*'s test controls.

## III. THIS COURT SHOULD VACATE THE SENTENCE OR, IN THE ALTERNATIVE, REMAND FOR HARMLESS-ERROR REVIEW

Because the error here indisputably increased Mr. Stowell's mandatory minimum sentence, it was not harmless under this Court's precedent. Accordingly, the Court should vacate the sentence. Even if the Court were to apply harmless-error review that asked whether it is clear beyond a reasonable doubt that any rational jury would have found for the government on the different-occasions issue, it should re-

26

verse: the government cannot show on this record that the *Apprendi* error was harmless beyond a reasonable doubt. Alternatively, the Court may wish to remand the case to the district court to conduct that harmless-error analysis in the first instance and for further proceedings consistent with this Court's opinion.

### A. The Error Here Increased Mr. Stowell's Mandatory Minimum Sentence And Thus Was Harmful

Mr. Stowell properly preserved his *Apprendi* claim.[3]   Accordingly, Federal Rule of Criminal Procedure 52(a) provides for harmless-error review. *See* Fed. R. Crim. Proc. 52(a).  Under that standard, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." *Id.*  An error affects substantial rights if it is "prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).  The government bears the burden of proving that the error was harmless. *Id.*  Under longstanding Eighth Circuit law, unconstitutionally applying a statutory sentencing enhancement based on judicially found facts af-

---

[3] *See* (R. Doc. 21 at 3-5 (objecting that indictment did not charge prior offenses committed on different occasions and that these facts were not admitted or submitted to a jury to be proved beyond a reasonable doubt)); (TR. at 4).

27

fects substantial rights and therefore is not harmless. *See, e.g.*, *United States v. Maynie*, 257 F.3d 908, 919 (8th Cir. 2001) (holding that "greater, and improper, infringement of defendants' liberty" in form of drug-quantity enhancements "substantially affected their rights").

In its response to Mr. Stowell's petition for rehearing en banc, the government cited *United States v. Lara-Ruiz*, 721 F.3d 554 (8th Cir. 2013), to support its argument that the district court's Sixth Amendment error was harmless.[4] U.S. Resp. to Reh'g Pet. 11. But the case in fact demonstrates the opposite. The defendant in *Lara-Ruiz* was convicted of using a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). 721 F.3d at 555. That offense requires a base mandatory minimum of five years of imprisonment, but the sentencing court increased the mandatory minimum sentence to seven years, based on its finding that the defendant brandished a firearm, despite the fact that that element was not charged in the indictment or submitted to the jury. *Id.* at 555-56. This Court held that in-

---

[4] The government asserts that *Lara-Ruiz* applied harmless-error review, U.S. Resp. to Reh'g Pet. 11, but that case in fact involved plain-error review. 721 F.3d at 557. For the reasons explained below, *Lara-Ruiz* nevertheless controls the analysis of whether a sentencing error affects substantial rights under Federal Rule of Criminal Procedure 52 and dictates the conclusion that in this case the error was not harmless.

Appellate Case: 21-2234     Page: 36     Date Filed: 03/21/2023 Entry ID: 5257248

creasing the mandatory minimum sentence based on judicial factfinding was error under *Alleyne v. United States*, 570 U.S. 99, 103 (2013), which established that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 721 F.3d at 556.

Because the defendant had not preserved the *Alleyne* claim, the Court applied plain-error review under Federal Rule of Criminal Procedure 52(b). *Id.* at 557. The third factor in that analysis is whether the error affected the defendant's substantial rights—the same inquiry required under the harmless-error test for preserved error under Rule 52(a), with the difference that the defendant bears the burden in a plain-error case. *Id.* at 558; *see also Johnson v. United States*, 520 U.S. 461, 462 (1997) (plain error must "affect[] substantial rights"). The Court held that the error substantially affected the defendant's rights because the sentencing court had "used a sentencing range that was not applicable to the crime of conviction," thereby "heighten[ing] the loss of liberty associated with the crime." *Lara-Ruiz*, 721 F.3d at 558 (quoting *Alleyne*, 570 U.S. at 113). And the Court went on to find the fourth plain-error factor met and remanded for resentencing. *Id.* at 559.

Appellate Case: 21-2234     Page: 37     Date Filed: 03/21/2023 Entry ID: 5257248

*Lara-Ruiz* controls the resolution of this case. Whether an error "affect[s] substantial rights" is the same inquiry under harmless- or plain-error review. *Olano*, 507 U.S. at 734 (noting that Rule 52(a) and (b) use the same language regarding substantial rights); *United States v. Sayre*, 400 F.3d 599, 600-01 (8th Cir. 2005) ("Under either [plain- or harmless-error] review, the ultimate inquiry requires a determination as to whether the error affected substantial rights, which in most cases means whether the error was prejudicial or affected the outcome of the district court proceedings."). Like the defendant in *Lara-Ruiz*, Mr. Stowell was sentenced based on a mandatory minimum triggered by a factual issue that was not charged in his indictment or submitted to a jury. His substantial rights were therefore affected and the error here was not harmless. The Court should thus vacate his sentence and re-mand for resentencing without the ACCA enhancement.

## B. The Error Was Not Harmless Even If This Court Were To Apply An Evidence-Based Approach

Despite citing *Lara-Ruiz*, the government argues that the error was harmless "because no rational jury could have concluded that Stowell's 2006 battery offenses were committed on the same occasion." U.S. Resp. to Reh'g Pet. 11. That suggestion is inconsistent with this

30

Court's established precedent—not only in *Lara-Ruiz*, but in a long line of cases collected in *Maynie* that dictate that an *Alleyne* error necessarily affects a defendant's substantial rights by increasing his loss of liberty and thus is not harmless. *See Maynie*, 257 F.3d at 919 (citing cases); *see also United States v. Shaw*, 751 F.3d 918, 923 (8th Cir. 2014) (citing *Lara-Ruiz* when vacating and remanding based on *Alleyne* error). The cases the government cites, by contrast, do not involve *Alleyne* errors and were decided before *Lara-Ruiz*. See U.S. Resp. to Reh'g Pet. 11 (citing *United States v. Henson*, 550 F.3d 739 (8th Cir. 2008) and *United States v. Anderson*, 236 F.3d 427 (8th Cir. 2001) (per curiam)).

Even if this Court were to apply a rational-jury test, however, the government fails to meet its burden to establish that the error was harmless beyond a reasonable doubt. The only reason the district court gave for determining that the 2006 offenses were committed on different occasions was that they "occurred on separate dates." (TR. at 6); *see also* U.S. Resp. to Reh'g Pet. 11 (citing "time lapse"). As discussed, this approach was error under *Wooden*. And the panel's slightly broader explanation also falls short of carrying the government's burden to establish harmlessness beyond a reasonable doubt. The only information in

31

the record about the commission of the battery offenses at issue is the PSR, which states that they were committed "on *or about* March 8, 2006" and "on *or about* March 11, 2006," against different victims, with no detail about the underlying circumstances. (PSR ¶¶ 65-66 (emphasis added)). The panel viewed the separate identity of the victims as showing that the victims were "unrelated" and that the offenses lacked "substantive continuity," but the PSR, the only "evidence" in the record, does not justify that conclusion. The PSR does not explain whether the victims had any relationship to each other or the motivation for the crimes. The absence of evidence cannot carry the government's burden to show beyond a reasonable doubt that any rational jury would have found that the two offenses were committed on separate occasions under *Wooden*'s holistic test.

That is particularly true because the Supreme Court has recognized the unreliability of the highly limited source documents in the record in this case. *Mathis* held that "non-elemental facts" such as the date of an offense are an unreliable basis for an ACCA enhancement. *Mathis v. United States*, 579 U.S. 500, 512 (2016). Because facts like the date of an offense need not be established to obtain a conviction in

32

the prior proceeding, the defendant had "no incentive to contest" them, making the facts especially "prone to error." *Id.*; *see also Lund v. United States*, 19 F.2d 46, 47 (8th Cir. 1927) ("[W]hen, in an indictment, a defendant is charged with the commission of an offense of a particular date, the prosecution is not bound to establish the offense as of that particular date.").

In light of the paucity of evidence in the record and the clear guidance from *Mathis* on the unreliability of the facts that the PSR asserted, the record contains no basis for finding the district court's different-occasions determination harmless under *Wooden*. The government did not offer evidence about "[p]roximity of location" or "the character and relationship of the offenses," both of which can affect the different-occasions analysis. *Wooden*, 142 S. Ct. at 1071. While the PSR indicated that the offenses targeted different victims—a fact that the district court did not mention—victim identity is likewise a "non-elemental fact" whose "proof is unnecessary" to a battery conviction and is thus unreliable as the basis for an ACCA enhancement. *Mathis*, 579 U.S. at 512.

Because the government has not carried its burden to show that the constitutional error in imposing an ACCA sentence here is harmless beyond a reasonable doubt, the Court should vacate the sentence. *See United States v. Man*, 2022 WL 17260489, at *2 (9th Cir. Nov. 29, 2022) (mem.) (post-*Wooden* decision holding that the government failed to meet its burden to show harmless error where "PSR was the only evidence before the district court of the occasions on which Man committed his ACCA predicate offenses").

### C. Alternatively, The Court Could Remand For The District Court To Conduct The Harmless-Error Inquiry

While this Court's precedent and the record make clear that the constitutional error in imposing an ACCA sentence on Mr. Stowell was not harmless, the Court could elect to remand to the district court to conduct a fact-specific harmless-error inquiry in the first instance.

If the Court concludes that a post-*Wooden* factual harmless-error analysis is warranted, a remand would be supported by the Court's disposition in *United States v. Williams*, 2022 WL 1510779, at *1 (8th Cir. May 13, 2022). In that case, as here, the district court relied on the PSR to find that the prior offenses were committed on different dates and, thus, on different occasions. *United States v. Williams*, 976 F.3d

34

781, 787 (8th Cir. 2020). The district courts in both cases applied the same pre-*Wooden* rule, accounting only for the time elapsed between offenses rather than considering the "range of circumstances [that] may be relevant to identifying episodes of criminal activity." *Wooden*, 142 S. Ct. at 1071. In *Williams*, the defendant appealed, and a panel of this Court affirmed. 976 F.3d at 787. Mr. Williams sought certiorari, and the Supreme Court vacated this Court's judgment and remanded "for further consideration in light of *Wooden v. United States.*" *Williams v. United States*, 142 S. Ct. 1439 (2022) (mem.). This Court in turn remanded for "a new factual determination" in light of *Wooden. Williams*, 2022 WL 1510779, at *1. *See also United States v. Zamichieli*, 2022 WL 17484324, at *2 (3d Cir. Dec. 7, 2022) (noting that record was "murky on exactly when the two offenses occurred," vacating sentence, and remanding to district court to "determine whether further development of the record is in order").

A remand in this case would serve a different purpose than in *Williams*. The harmless-error inquiry is different from a district court's making of a new factual determination. If this Court agrees that the different-occasions issue is constitutionally entrusted to the jury, the

35

district court cannot make a new factual determination on that issue. Asking the court to engage in a new round of judicial factfinding under *Wooden* would replicate the very *Apprendi* error in the present case. The inquiry instead would be whether the government could show, on the existing record, that the *Apprendi* error is harmless because any rational jury would have reached the same conclusion beyond a reasonable doubt.

Nor could the government introduce new evidence and ask the judge to consider it in resolving the harmless-error issue. Rather, in any such proceeding, the district court would be limited to the present record. *See Neder v. United States*, 527 U.S. 1, 19 (1999) ("A reviewing court making this harmless-error inquiry does not . . . become in effect a second jury to determine whether the defendant is guilty," but instead "in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted [fact]") (citation and internal quotation marks omitted). The government bore the burden of proof on the ACCA enhancement. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 765-66 (2021); *United States v. Thornton*, 766 F.3d 875, 878 (8th Cir. 2014). Uncertainty about that is-

36

sue, or the absence of reliable evidence, thus means that the government cannot carry its burden of proof beyond a reasonable doubt. *See United States v. Greene*, 513 F.3d 904, 908 (8th Cir. 2008) ("The government bears the burden of proving the district court's error was harmless and must show that no grave doubt exists as to whether the error substantially influenced the outcome of the proceedings.") (citation and internal quotation marks omitted). With those standards in mind, the Court could choose to have the district court conduct an initial fact-based harmless-error analysis on this issue if it concludes that such analysis is warranted.[5]

---

[5] The record reveals an additional constitutional error, beyond the judicial factfinding on the same-occasions issue: the imposition of an enhanced sentence without a proper allegation in the indictment. *See United States v. Cotton*, 535 U.S. 625, 627 (2002). While this Court has held that an indictment error is not structural and is thus subject, if preserved, to harmless-error review, *see United States v. Allen*, 406 F.3d 940, 945 (8th Cir. 2005), Mr. Stowell hereby preserves an argument that the indictment error in this case is a structural error, *cf. United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999). The Court's resolution of that issue does not affect the outcome of this appeal. But the absence of an allegation on the different-occasions issue in the indictment would preclude any further proceedings to impose an ACCA sentence, should this Court or the district court vacate the current ACCA sentence.

Appellate Case: 21-2234   Page: 45   Date Filed: 03/21/2023 Entry ID: 5257248

## CONCLUSION

For the foregoing reasons, the Court should (1) hold that the government must charge in the indictment—and prove to a jury beyond a reasonable doubt—that a defendant has three prior convictions for ACCA predicate offenses that were committed on occasions different from one another, and (2) vacate Mr. Stowell's sentence and remand for resentencing without the ACCA enhancement, or remand to the district court for resolution of the fact-specific question whether the government can establish that the constitutional error was harmless beyond a reasonable doubt.

Appellate Case: 21-2234    Page: 46    Date Filed: 03/21/2023 Entry ID: 5257248

Respectfully submitted,

*/s/ Michael R. Dreeben*

Michael R. Dreeben
mdreeben@omm.com
Rachel A. Chung
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

James B. Pierce
C. Aaron Holt
OFFICE OF THE FEDERAL PUBLIC DEFENDER
112 W. Center Street, Suite 300
Fayetteville, AR 72701

Heather Welles
Natalie D. Camastra
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

L. Nicole Allan
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111

*Attorneys for Appellant*

Dated: March 17, 2023

# CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,887 words, excluding those portion omitted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in 14-point Century Schoolbook type, which is a proportionally spaced typeface.


Dated: March 17, 2023                        */s/ Michael R. Dreeben*
                                                     Michael R. Dreeben
                                                     O'Melveny & Myers LLP
                                                     *Attorneys for Appellant*

Appellate Case: 21-2234     Page: 48     Date Filed: 03/21/2023 Entry ID: 5257248