No. 21-2234

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

UNITED STATES OF AMERICA,
Appellee,

v.

CHRISTOPHER STOWELL,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Arkansas, Fort Smith Division
(The Honorable P.K. Holmes, III, United States District Judge)

_____

SUPPLEMENTAL BRIEF FOR THE UNITED STATES

_____

KENNETH A. POLITE, JR.
Assistant Attorney General

LISA H. MILLER
Deputy Assistant Attorney General

PAUL T. CRANE
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-616-9316
Paul.Crane@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................ii

INTRODUCTION AND SUMMARY OF ARGUMENT ...........................1

BACKGROUND ..................................................................................... 2

ARGUMENT ........................................................................................... 5

    A.    The Sixth Amendment Requires The "Separate Occasions" Determination To Be Made By A Jury Or Admitted By The Defendant ................................................................................ 5

    B.    The Panel Opinion Does Not Conflict With *Wooden* ................ 10

    C.    The Sixth Amendment Error Committed Here Was Harmless ............................................................................... 13

CONCLUSION.................................................................................. 16

CERTIFICATE OF SERVICE ...................................................... 17

CERTIFICATE OF COMPLIANCE ............................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Alleyne v. United States*,
570 U.S. 99 (2013)................................................................. 6, 7

*Almendarez-Torres v. United States*,
523 U.S. 224 (1998)............................................................... 6, 9

*Apprendi v. New Jersey*,
530 U.S. 466 (2000)............................................................... 5, 6

*Blakely v. Washington*,
542 U.S. 296 (2004).................................................................. 7

*Carachuri-Rosendo v. Holder*,
560 U.S. 563 (2010).................................................................. 7

*Cunningham v. California*,
549 U.S. 270 (2007).................................................................. 7

*Descamps v. United States*,
570 U.S. 254 (2013).............................................................. 7, 10

*James v. United States*,
550 U.S. 192 (2007), *overruled on other grounds by*
*Johnson v. United States*, 576 U.S. 591 (2015)............................. 7

*Mathis v. United States*,
579 U.S. 500 (2016)...........................................................7, 8, 10

*Neder v. United States*,
527 U.S. 1 (1999)...............................................................14, 15

*Shepard v. United States*,
544 U.S. 13 (2005).................................................................. 8

*Southern Union Co. v. United States*,
567 U.S. 343 (2012).................................................................. 7

Appellate Case: 21-2234     Page: 3     Date Filed: 03/23/2023 Entry ID: 5258029

*United States v. Anderson*,
   236 F.3d 427 (8th Cir. 2001) ...........................................................14, 15

*United States v. Barrera*,
   No. 20-10368, 2022 WL 1239052 (9th Cir. Apr. 27, 2022)...................... 10

*United States v. Belcher*,
   40 F.4th 430 (6th Cir. 2022) ..................................................................9

*United States v. Blair*,
   734 F.3d 218 (3d Cir. 2013)...................................................................9

*United States v. Booker*,
   543 U.S. 220 (2005) ...............................................................................7

*United States v. Davis*,
   736 F.3d 783 (8th Cir. 2013) ................................................................ 14

*United States v. Dudley*,
   5 F.4th 1249 (11th Cir. 2021) ............................................................... 10

*United States v. Evans*,
   738 F.3d 935 (8th Cir. 2014) ..................................................................9

*United States v. Faulkner*,
   826 F.3d 1139 (8th Cir. 2016)............................................................. 4, 9

*United States v. Golden*,
   No. 21-2618, 2023 WL 2446899 (3d Cir. Mar. 10, 2023) ......................... 15

*United States v. Harris*,
   794 F.3d 885 (8th Cir. 2015) .............................................................. 4, 9

*United States v. Haymond*,
   139 S. Ct. 2369 (2019)............................................................................7

*United States v. Hennessee*,
   932 F.3d 437 (6th Cir. 2019) ................................................................ 10

*United States v. Henson*,
   550 F.3d 739 (8th Cir. 2008) ................................................................ 14

Appellate Case: 21-2234   Page: 4   Date Filed: 03/23/2023 Entry ID: 5258029

*United States v. Hibbler*,
  295 Fed. Appx. 106 (8th Cir. 2008) ...................................................12, 13

*United States v. Ivery*,
  427 F.3d 69 (1st Cir. 2005) ........................................................ 9

*United States v. Lara-Ruiz*,
  721 F.3d 554 (8th Cir. 2013) .................................................. 14

*United States v. Morris*,
  293 F.3d 1010 (7th Cir. 2002) .................................................. 9

*United States v. Perry*,
  908 F.3d 1126 (8th Cir. 2018) .................................................. 9

*United States v. Reed*,
  39 F.4th 1285 (10th Cir. 2022) .................................................. 9

*United States v. Richardson*,
  60 F.4th 397 (7th Cir. 2023) .................................................. 15

*United States v. Rodriguez*,
  No. 21-2544, 2022 WL 17883607 (7th Cir. Dec. 23, 2022)....................... 15

*United States v. Santiago*,
  268 F.3d 151 (2d Cir. 2001) .................................................. 9

*United States v. Spears*,
  443 F.3d 1358 (11th Cir. 2006) .................................................. 9

*United States v. Stowell*,
  40 F.4th 882 (8th Cir. 2022) ...........................................*passim*

*United States v. Thomas*,
  572 F.3d 945 (D.C. Cir. 2009) .................................................. 9

*United States v. Thompson*,
  421 F.3d 278 (4th Cir. 2005) ............................................... 9, 10

*United States v. Walker*,
  953 F.3d 577 (9th Cir. 2020) .................................................. 9

iv

*United States v. White*,
465 F.3d 250 (5th Cir. 2006) ................................................... 9

*United States v. Willoughby*,
653 F.3d 738 (8th Cir. 2011) .................................................... 3

*Washington v. Recuenco*,
548 U.S.1326 212 (2006)...................................................... 14

*Wooden v. United States*,
142 S. Ct. 1063 (2022)...................................................*passim*

**Statutes and Constitutional Provisions**

U.S. Const. amend. VI ................................................................... 5

18 U.S.C. § 922 ...................................................................... 2, 8

18 U.S.C. § 924......................................................................1, 2, 8

Bipartisan Safer Communities Act, Pub. L. No. 117-159,
136 Stat. 1313 (2022) ............................................................... 2

Appellate Case: 21-2234     Page: 6     Date Filed: 03/23/2023 Entry ID: 5258029

# INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Christopher Stowell pleaded guilty to being a felon in possession of a firearm. For that offense, the Armed Career Criminal Act of 1984 (ACCA) prescribes a penalty of 15 years to life imprisonment if the defendant has at least three predicate convictions for offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

In light of the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), the government now contends that the determination of whether a defendant's ACCA predicates were committed on different occasions must, under the Sixth Amendment, be made by a jury or admitted by the defendant. Because the sentencing judge made that finding in this case, the government now agrees that constituted a Sixth Amendment error.

The government further contends, however, that the error here was harmless because no rational jury could have concluded that Stowell's predicate offenses were committed on the same occasion. Consistent with the standard set forth in *Wooden*, the panel correctly held that Stowell's prior offenses at issue here were committed on separate occasions. *See United States v. Stowell*, 40 F.4th 882, 884-885 (8th Cir. 2022). Because no rational jury could have reached the opposite conclusion on these facts, the district court's Sixth Amendment error was harmless and Stowell's sentence should be affirmed.

Appellate Case: 21-2234    Page: 7    Date Filed: 03/23/2023 Entry ID: 5258029

## BACKGROUND

1.      In January 2021, Stowell pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). R. Doc. 32, at 1.[1] In preparation for sentencing, the Probation Office prepared a presentence investigation report (PSR), in which it determined that Stowell qualified for sentencing under the ACCA. *See* R. Doc. 23, at ¶ 27 (PSR).

The default term of imprisonment for Stowell's offense of possessing a firearm as a felon at the time of that offense was zero to 120 months. 18 U.S.C. § 924(a)(2) (2020).[2] The ACCA, however, prescribes a penalty of 15 years to life imprisonment if the defendant has at least "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

Here, the Probation Office determined that petitioner had three prior Arkansas convictions for offenses that qualified as ACCA predicates: (1) residential burglary committed on August 19, 2003; (2) battery second degree

---

[1] "R. Doc." refers to numbered documents on the district court's docket, followed by the relevant ECF-stamped page numbers of those entries. "Sent. Tr." refers to the transcript of Stowell's sentencing hearing.

[2] For Section 922(g) offenses committed after June 25, 2022, the default term of imprisonment is zero to 15 years. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, Div. A, Title II, § 12004, 136 Stat. 1313, 1329 (2022) (18 U.S.C. § 924(a)(8)).

Appellate Case: 21-2234     Page: 8     Date Filed: 03/23/2023 Entry ID: 5258029

committed on March 8, 2006; and (3) battery first degree committed on March 11, 2006. PSR ¶¶ 62, 65, 66. With respect to the battery second degree offense committed on March 8, the Probation Office further noted that, "[a]ccording to the felony information filed in this case," the victim was Britt Vickers. *Id.* ¶ 65. With respect to the battery first degree offense committed on March 11, the Probation Office noted that, "[a]ccording to the felony information filed in this case," the victim was Nathan Hanna. *Id.* ¶ 66.

As relevant here, Stowell argued that his battery second degree and battery first degree offenses did not take place on different occasions as required by the ACCA, and he further argued that the Sixth Amendment required that the different-occasions determination be made by a jury, not the sentencing court. R. Doc. 25, at 5-8. The district court rejected both contentions and found that Stowell qualified as an armed career criminal. Sent. Tr. 5-6. The court sentenced Stowell to 180 months of imprisonment, to be followed by five years of supervised release. Sent. Tr. 20-21; R. Doc. 32, at 2-3.

2. Stowell renewed both arguments on appeal, and a partially divided panel of this Court affirmed Stowell's sentence in a published opinion. *See* 40 F.4th 882. Applying the three-factor test set forth in *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011), the panel first held that "Stowell's two battery offenses were committed on separate occasions and qualify as separate ACCA

3

predicate offenses." 40 F.4th at 884-885. The majority emphasized that "the offenses occurred three days apart, a significant time lapse" and "the offenses lacked any substantive continuity—they were directed at two different, unrelated victims with no indication of a common motivation or plan." *Id.* at 885. The panel also noted that "the offenses here did not occur close enough in time to implicate" the Supreme Court's recent decision in *Wooden*. *Id.* at 884 n.2. On this issue, Judge Kelly dissented, opining that she would "vacate and remand for resentencing to allow the district court to" consider the potential impact of *Wooden* in the first instance. *See id.* at 886-887 (Kelly, J., dissenting).

On the Sixth Amendment question, the panel unanimously held that "the different occasions analysis involves 'recidivism-related facts' that do not need to be submitted to the jury." 40 F.4th at 885 (citing *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015); *United States v. Faulkner*, 826 F.3d 1139, 1148 n.6 (8th Cir. 2016)). Although the panel recognized that "the constitutionality of this practice has been recently questioned," it explained that "it remains the law of [this] circuit" and it was "bound" by those prior panel decisions. *Id.*; *see id.* (further noting that "nothing in *Wooden* changed this") (citing *Wooden*, 142 S. Ct. at 1068 n.3); *see also id.* at 886 (Kelly, J., dissenting).

3. Stowell filed a petition for rehearing en banc, seeking review only on the Sixth Amendment issue. In its response, the government agreed that

4

rehearing en banc was warranted. More specifically, the government agreed that a Sixth Amendment error occurred here, but further explained that the error was harmless and, therefore, Stowell's sentence should be affirmed.

This Court granted rehearing en banc on November 15, 2022. *See* 2022 WL 16942355. On February 23, 2023, this Court invited the parties and amicus to submit supplemental briefs on the following questions, "as well as any other issues they deem relevant": (1) "Whether the Sixth Amendment requires the 'separate occasions' determination to be made by a jury;" and (2) "whether the panel opinion conflicts with *Wooden v. United States*, 142 S. Ct. 1063 (2022)." 2/23/23 Order at 1.

## ARGUMENT

### A. The Sixth Amendment Requires The "Separate Occasions" Determination To Be Made By A Jury Or Admitted By The Defendant

1.     The Sixth Amendment guarantees the right to a jury "[i]n all criminal prosecutions." U.S. Const. amend. VI. In construing that guarantee and the "companion right" under the Fifth Amendment to have a jury find each element of a crime beyond a reasonable doubt, *Apprendi v. New Jersey*, 530 U.S. 466, 478 (2000), the Supreme Court has held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the

5

jury and found beyond a reasonable doubt," *Alleyne v. United States*, 570 U.S. 99, 103 (2013).

The Court has accordingly held that "facts increasing the statutory maximum" or "fact[s] triggering a mandatory minimum" are "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed'" and, therefore, must be proven to a jury beyond a reasonable doubt (or admitted by the defendant). *Alleyne*, 570 U.S. at 111-115 (quoting *Apprendi*, 530 U.S. at 490); *see id.* at 113 n.2 ("Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range *and* does so in a way that aggravates the penalty.").

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Court recognized a "narrow exception to this general rule for the fact of a prior conviction." *Alleyne*, 570 U.S. at 111 n.1. Specifically, the Court held that, under 8 U.S.C. § 1326(b), a defendant's prior conviction is a sentencing factor rather than an element of an enhanced unlawful-reentry offense. 523 U.S. at 226-227. Since *Almendarez-Torres*, the Court has repeatedly confirmed that "the fact of a prior conviction" does not need to be submitted to a jury and proven beyond a reasonable doubt, even when it increases the penalty for a crime beyond the statutory maximum or minimum that would otherwise apply. *Apprendi*, 530 U.S.

6

at 490; *see, e.g.*, *United States v. Haymond*, 139 S. Ct. 2369, 2377 n.3 (2019) (plurality opinion); *Mathis v. United States*, 579 U.S. 500, 511 (2016); *Descamps v. United States*, 570 U.S. 254, 269 (2013); *Alleyne*, 570 U.S. at 111 n.1; *Southern Union Co. v. United States*, 567 U.S. 343, 358-360 (2012); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 567 n.3 (2010); *James v. United States*, 550 U.S. 192, 214 n.8 (2007), *overruled on other grounds by Johnson v. United States*, 576 U.S. 591 (2015); *Cunningham v. California*, 549 U.S. 270, 274-275 (2007); *United States v. Booker*, 543 U.S. 220, 244 (2005); *Blakely v. Washington*, 542 U.S. 296, 301-302 (2004).

Although *Almendarez-Torres* permits a sentencing judge to find the "simple fact of a prior conviction," including the elements of the offense, the Supreme Court has also made clear that this "exception" does not extend to a sentencing judge finding non-elemental facts *about* a prior conviction. *See Mathis*, 579 U.S. at 511-512 (observing that a judge "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of"); *Descamps*, 570 U.S. at 270 ("[T]he court did just what we have said it cannot: rely on its own finding about a non-elemental fact to increase a defendant's maximum sentence."). In other words, "a judge cannot go beyond identifying the crime of conviction to explore the manner in which the defendant committed that offense." *Mathis*, 579 U.S. at 511.

7

2.     The ACCA increases both the statutory minimum and maximum sentence for a violation of 18 U.S.C. § 922(g) if the defendant has at least "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1); *see* p.2, *supra*. The determination of whether a prior conviction qualifies as an ACCA predicate involves a "categorical approach" that focuses on "the elements of the crime" underlying that conviction. *Mathis*, 579 U.S. at 504. And the Supreme Court has permitted a sentencing judge to make that determination, which may include consultation of certain formal documents associated with the prior conviction. *See id.* at 511; *Shepard v. United States*, 544 U.S. 13, 16 (2005).

In *Wooden*, the Supreme Court considered the proper test for determining whether predicate offenses were committed on different occasions for purposes of the ACCA. *See* 142 S. Ct. at 1068. The government advocated an elements-based approach to determining whether two offenses occurred on different occasions, which it viewed as consistent with judicial determination of a defendant's ACCA qualification. *Id.* at 1069, 1071.

The Court rejected that approach and held instead that the different-occasions inquiry is "holistic" and "multi-factored in nature." 142 S. Ct. at 1068-1071. The Court explained that "a range of circumstances may be relevant to

8

identifying" whether offenses were committed on separate occasions, such as the "[t]iming" of the offenses, "[p]roximity of location," "the character and relationship of the offenses," and whether the offenses "share a common scheme or purpose." *Id.* at 1070-1071.

3.      In light of the "holistic" and "multi-factored" standard adopted in *Wooden*, the government now acknowledges that the Sixth Amendment requires a jury to find (or a defendant to admit) that at least three ACCA predicates were committed on occasions different from one another.[3] The different-occasions

---

[3] Prior to the Supreme Court's decision in *Wooden*, the government had argued that a sentencing judge could resolve the ACCA's different-occasions inquiry consistent with the Sixth Amendment, including in this case before the panel. *See, e.g.*, Gov't Panel Br. 19 (citing *Harris*, 794 F.3d at 887; *United States v. Evans*, 738 F.3d 935, 937 (8th Cir. 2014) (per curiam); *Almendarez-Torres*, 523 U.S. 224).

That position is consistent with this Court's existing precedent. *See, e.g.*, *Faulkner*, 826 F.3d at 1148 n.6; *Harris*, 794 F.3d at 887. It also is consistent with the current precedent of every other court of appeals. *See, e.g.*, *United States v. Ivery*, 427 F.3d 69, 75 (1st Cir. 2005); *United States v. Santiago*, 268 F.3d 151, 156-157 (2d Cir. 2001); *United States v. Blair*, 734 F.3d 218, 227-228 (3d Cir. 2013); *United States v. Thompson*, 421 F.3d 278, 284-287 (4th Cir. 2005); *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006) (per curiam); *United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *United States v. Morris*, 293 F.3d 1010, 1012-1013 (7th Cir. 2002); *United States v. Walker*, 953 F.3d 577, 580-582 (9th Cir. 2020); *United States v. Reed*, 39 F.4th 1285, 1295-1296 (10th Cir. 2022); *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006) (per curiam); *United States v. Thomas*, 572 F.3d 945, 952 n.4 (D.C. Cir. 2009).

The current consensus, however, has not been without its critics. *See United States v. Perry*, 908 F.3d 1126, 1134-1136 (8th Cir. 2018) (Stras, J., concurring) (critiquing those precedents); *see also, e.g.*, *United States v. Dudley*, 5

inquiry, as explicated by *Wooden*, goes beyond the "simple fact of a prior conviction," *Mathis*, 579 U.S. at 511, and instead requires consideration of the factual circumstances surrounding a defendant's prior offenses, which will rarely be reflected in the elements of the crime. Moreover, the "range of circumstances" sentencing courts must consider under *Wooden* compels the sort of fact-finding the Supreme Court has elsewhere prohibited a sentencing judge from preforming under the Sixth Amendment. *See, e.g.*, *id.*; *Descamps*, 570 U.S. at 269-270. As a result, under the Supreme Court's Sixth Amendment precedents, the different-occasions inquiry must be resolved by a jury or admitted by the defendant.

## B.   The Panel Opinion Does Not Conflict With *Wooden*

1.   The Court in *Wooden* declined to address "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion" because "Wooden did not raise [that issue]." 142 S. Ct. at 1068 n.3. The panel's conclusion on the Sixth Amendment

---

F.4th 1249, 1273-1278 (11th Cir. 2021) (Newsom, J., concurring in part and dissenting in part); *United States v. Hennessee*, 932 F.3d 437, 446-455 (6th Cir. 2019) (Cole, C.J., dissenting); *Thompson*, 421 F.3d at 287-295 (Wilkins, C.J., dissenting); *United States v. Barrera*, No. 20-10368, 2022 WL 1239052, at *3 (9th Cir. Apr. 27, 2022) (unpublished) (Feinerman, J., concurring).

Appellate Case: 21-2234     Page: 16     Date Filed: 03/23/2023 Entry ID: 5258029

issue therefore does not conflict with *Wooden*—even if it conflicts with the Supreme Court's interpretation of the Sixth Amendment in other cases.

2.     With respect to its application of the different-occasions standard, the panel opinion also does not conflict with *Wooden*. In *Wooden*, the Supreme Court held that a defendant's ten previous Georgia convictions for burglarizing ten separate storage units in a single facility on the same evening were not convictions for offenses committed on occasions different from one another under the ACCA. 142 S. Ct. at 1071. In so doing, the Court explained that "a range of circumstances may be relevant to identifying episodes of criminal activity." *Id.* For example, the Court explained, "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion." *Id.*

The Court predicted that "applying this approach will be straightforward and intuitive." 142 S. Ct. at 1071. It further observed that, "[i]n many cases, a

11

single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Id.*

Applying that standard to Wooden's prior burglary offenses, the Court held that those ten offenses were all committed on a single occasion. 142 S. Ct. at 1071. The Court noted that "Wooden committed his burglaries on a single night, in a single uninterrupted course of conduct," "[t]he crimes all took place at one location," "[e]ach offense was essentially identical, and all were intertwined with the others," "[t]he burglaries were part and parcel of the same scheme, actuated by the same motive, and accomplished by the same means," and "each burglary in some sense facilitated the next, as Wooden moved from unit to unit to unit, all in a row." *Id.*

3.    Under the standard articulated in *Wooden*, the panel correctly determined that Stowell's prior battery offenses were committed on different occasions. *See* 40 F.4th at 884. As the panel accurately observed, the two "offenses occurred three days apart, a significant time lapse." *Id.* (citing *United States v. Hibbler*, 295 Fed. Appx. 106, 107 (8th Cir. 2008) (per curiam) (unpublished)); *see also Wooden*, 142 S. Ct. at 1071 (explaining that courts "have nearly always treated offenses as occurring on separate occasions if a person

12

committed them a day or more apart"). Moreover, as the panel also observed, "the offenses lacked any substantive continuity—they were directed at two different, unrelated victims with no indication of a common motivation or plan." 40 F.4th at 885 (citing *Hibbler*, 295 Fed. Appx. at 107-108); *see also Wooden*, 142 S. Ct. at 1071 ("The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.").

In short, for purposes of the different-occasions inquiry, the prior offenses at issue here are a far cry from the offenses committed on a single occasion in *Wooden*. Stowell's prior batteries, unlike the burglaries in *Wooden*, occurred on separate days, were not part of an uninterrupted course of conduct, were not intertwined with each other, were not part and parcel of the same scheme, and were not facilitating one another. As the panel and district court correctly held, Stowell's prior batteries were committed on occasions different from one another for purposes of the ACCA.

## C.     The Sixth Amendment Error Committed Here Was Harmless

In its order inviting supplemental briefs, this Court stated that the parties could address, in addition to the two questions addressed above, "any other issues they deem relevant." 2/23/23 Order at 1. One such issue the government deems relevant is whether any potential Sixth Amendment error was harmless.

13

Although the government now agrees that the Sixth Amendment requires that the ACCA's different occasions determination be made by a jury or admitted by the defendant, the district court's error here was harmless and Stowell's sentence should therefore be affirmed.

1.      The Supreme Court has held that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error" and does not require reversal if the error is harmless. *Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *see also Neder v. United States*, 527 U.S. 1, 18 (1999) (failure to submit an element of the offense to the jury may be harmless error).

This Court has likewise held that "Sixth Amendment violation[s] at sentencing[] may be deemed harmless upon a proper showing." *United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008); *see United States v. Lara-Ruiz*, 721 F.3d 554, 557 (8th Cir. 2013) (holding that an *Alleyne* error is not structural); *United States v. Davis*, 736 F.3d 783, 784-785 (8th Cir. 2013) (holding that "any *Alleyne* error in this case is harmless"); *United States v. Anderson*, 236 F.3d 427, 429 (8th Cir. 2001) (per curiam) (applying harmless error review to an *Apprendi* error).

In addition, at least two other courts of appeals have recognized that a potential Sixth Amendment violation involving the different-occasions inquiry is subject to harmless error review. *See, e.g.*, *United States v. Golden*, No. 21-2618,

14

2023 WL 2446899, at *4 (3d Cir. Mar. 10, 2023) (unpublished) (holding that "any error in failing to submit the *Wooden* issue to a jury here was harmless because the record makes clear beyond a reasonable doubt that a rational jury would have concluded that Golden's offenses were committed on different 'occasions'"); *United States v. Rodriguez*, No. 21-2544, 2022 WL 17883607, at *2 (7th Cir. Dec. 23, 2022) (unpublished) (holding that "the record would necessarily convince a reasonable jury that Rodriguez had committed his prior offenses on different occasions," rendering any alleged error harmless).

A Sixth Amendment error is harmless if the record makes "clear beyond a reasonable doubt that a rational jury would have found" the fact that increases the statutory range—here, that the relevant ACCA predicates were committed on different occasions. *Neder*, 527 U.S. at 18; *see Anderson*, 236 F.3d at 429 (explaining that an *Apprendi* error is harmless "unless we find that 'the record contains evidence that could rationally lead to a contrary finding with respect to the omitted evidence'") (quoting *Neder*, 527 U.S. at 19).

2. In this case, for the reasons discussed above, the Sixth Amendment error was harmless because no rational jury could have concluded that Stowell's prior battery offenses were committed on the same occasion. *See also, e.g.*, *United States v. Richardson*, 60 F.4th 397, 399 (7th Cir. 2023) (applying *Wooden* and explaining "[t]here is no colorable argument that the second and third robberies

Appellate Case: 21-2234    Page: 21    Date Filed: 03/23/2023 Entry ID: 5258029

occurred on the same occasion given the 36 hours that separated them"). As already noted, the offenses were committed several days apart, involved separate victims, and "lacked any substantive continuity." *Stowell*, 40 F.4th at 885. On those facts, there is no doubt that a rational jury would have found Stowell's prior batteries took place on different occasions. The court should accordingly find the Sixth Amendment error harmless and affirm Stowell's sentence.

## CONCLUSION

The court should hold that the ACCA's different occasions inquiry must be resolved by a jury or admitted by the defendant and, accordingly, the district court committed a Sixth Amendment error here. The court should further hold that the Sixth Amendment error was harmless and, therefore, affirm Stowell's sentence.

Respectfully submitted,

KENNETH A. POLITE, JR.
Assistant Attorney General

LISA H. MILLER
Deputy Assistant Attorney General

/s/ Paul T. Crane
PAUL T. CRANE
Appellate Section, Criminal Division
United States Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
202-616-9316
Paul.Crane@usdoj.gov

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Paul T. Crane
PAUL T. CRANE
Appellate Section, Criminal Division
United States Department of Justice

17

# CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 3,772 words, excluding those portions omitted by Fed. R. App. P. 32(f).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared on a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

3.     This brief complies with the privacy redaction requirement of Fed. R. App. P. 25(a) because it contains no personal data identifiers.

4.     This brief has been scanned for viruses with the most recent version of McAfee Endpoint Security, version 10.50, which is continuously updated, and according to that program, is free of viruses.

/s/ Paul T. Crane
PAUL T. CRANE
Appellate Section, Criminal Division
United States Department of Justice