# In the
# United States Court of Appeals
## for the Eighth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

CHRISTOPHER STOWELL,

*Appellant.*

_____

Appeal from the United States District Court
for the Western District of Arkansas – Ft. Smith, No. 2:20-cr-20019-PKH-1.
The Honorable **P. K. Holmes**, Senior District Judge Presiding.

## SUPPLEMENTAL BRIEF OF COURT-APPOINTED
## *AMICUS CURIAE* IN SUPPORT OF JUDGMENT

JAMES F. BENNETT
EDWARD L. DOWD, JR.
CAITLIN E. O'CONNELL
CAROLINA C. BECK
DOWD BENNETT LLP
7676 Forsyth Boulevard, Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300



# TABLE OF CONTENTS

PAGE

IDENTITY AND INTERESTS OF *AMICUS CURIAE* ........................................... 1

BACKGROUND ............................................................................... 1

ARGUMENT ................................................................................. 5

I.    The Panel Properly Interpreted and Applied the Supreme Court's Ruling in *Wooden v. United States* ................................................................ 5

    A. *Wooden v. United States*, 142 S.Ct. 1063 (2022) ........................................ 5

    B. The panel majority correctly applied *Wooden* ............................................. 8

    C. The panel's approach is consistent with other decisions of this Court........ 9

    D. Remand is unnecessary because additional fact-finding is not needed..... 12

II.    A Sentencing Judge May Make a "Different Occasions" Determination Without Violating a Defendant's Sixth Amendment Rights .................... 15

    A. *Almendarez-Torres* and its progeny holds that the "fact of a prior conviction" is an exception to the Sixth Amendment jury trial right ........ 15

    B. The Courts of Appeals have uniformly applied *Almendarez-Torres* in holding that sentencing courts can decide ACCA prerequisites................ 17

    C. *Wooden* did not address the Sixth Amendment question and provides no reason to revisit the circuit courts' uniform precedent .............................. 20

    D. *Descamps* and *Mathis* did not limit the *Almendarez-Torres* rule ............. 25

CONCLUSION ................................................................................ 27

CERTIFICATE OF COMPLIANCE.................................................................. 28

CERTIFICATE OF SERVICE....................................................................... 29

Appellate Case: 21-2234    Page: 2    Date Filed: 03/23/2023 Entry ID: 5258041

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Agostini v. Felton*,
  521 U.S. 203 (1997) ........................................................................... 24

*Alleyne v. United States*,
  570 U.S. 99 (2013) ........................................................... 16, 17, 25, 26

*Almendarez-Torres v. United States*,
  523 U.S. 224 (1998) ................................................................. Passim

*Apprendi v. New Jersey*,
  530 U.S. 466 (2000) ................................................................. Passim

*Blakely v. Washington*,
  542 U.S. 296 (2004) ........................................................................... 21

*Descamps v. United States*,
  570 U.S. 254 (2013) ................................................................... 25, 26

*Mathis v. United States*,
  579 U.S. 500 (2016) ............................................................... 17, 25, 26

*Shepard v. United States*,
  544 U.S. 13 (2005) ..................................................................... 22, 26

*Taylor v. United States*,
  495 U.S. 575 (1990) ........................................................................... 25

*United States v. Abbott*,
  794 F.3d 896 (8th Cir. 2015) ..................................................... 13, 14

*United States v. Barrera*,
  2022 WL 1239052 (9th Cir. 2022) ..................................................... 23

*United States v. Belcher*,
  40 F.4th 430 (6th Cir. 2022) ............................................................. 23

*United States v. Blair*,
   734 F.3d 218 (3d Cir. 2013).................................................................. 18, 26, 27

*United States v. Bordeaux*,
   886 F.3d 189 (2d Cir. 2018).................................................................. 21

*United States v. Bragg*,
   44 F.4th 1067 (8th Cir. 2022) ............................................................. 9, 10, 11

*United States v. Brown*,
   2022 WL 2702595 (4th Cir. July 5, 2022)........................................... 23

*United States v. Buford*,
   2022 WL 2136782 (8th Cir. June 9, 2022)........................................... 23, 24

*United States v. Buford*,
   54 F.4th 1066 (8th Cir. 2022) ............................................................. 11, 17

*United States v. Burgin*,
   388 F.3d 177 (6th Cir. 2004)................................................................ 18

*United States v. Cole*,
   778 F.3d 1055 (8th Cir. 2015).............................................................. 18

*United States v. Cook*,
   2022 WL 2318658 (6th Cir. June 21, 2022)........................................ 24

*United States v. Dantzler*,
   771 F.3d 137 (2d Cir. 2014)................................................................. 18, 19

*United States v. Dudley*,
   5 F.4th 1249 (11th Cir. 2021) ............................................................. 26

*United States v. Elliott*,
   703 F.3d 378 (7th Cir. 2012)................................................................ 18

*United States v. Evans*,
   738 F.3d 935 (8th Cir. 2014)............................................................... 18

iv

*United States v. Faulkner*,
   826 F.3d 1139 (8th Cir. 2016) ................................................................ 18

*United States v. Harris*,
   794 F.3d 885 (8th Cir. 2015) .......................................................... 17, 19

*United States v. Hatley*,
   2023 WL 2366704 (7th Cir. Mar. 6, 2023) ........................................ 23

*United States v. Hennessee*,
   932 F.3d 437 (6th Cir. 2019) ................................................................ 26

*United States v. Ivery*,
   427 F.3d 69 (1st Cir. 2005) ................................................................... 18

*United States v. King*,
   853 F.3d 267 (6th Cir. 2017) ................................................................ 26

*United States v. McDaniel*,
   925 F.3d 381 (8th Cir. 2019) ................................................................ 24

*United States v. Michel*,
   446 F.3d 1122 (10th Cir. 2006) ............................................................ 18

*United States v. Moon*,
   31 F.4th 259 (4th Cir. 2022) .......................................................... 18, 24

*United States v. Perry*,
   908 F.3d 1126 (8th Cir. 2018) .............................................................. 24

*United States v. Reed*,
   39 F.4th 1285 (10th Cir. 2022) ............................................................ 23

*United States v. Richardson*,
   483 F. App'x 302 (8th Cir. 2012) ........................................................ 18

*United States v. Robinson*,
   43 F.4th 892 (8th Cir. 2022) ...................................................... 10, 11, 17

Appellate Case: 21-2234     Page: 5     Date Filed: 03/23/2023 Entry ID: 5258041

*United States v. Santiago*,
    268 F.3d 151 (2d Cir. 2001) ................................................................ 19, 20

*United States v. Stearns*,
    387 F.3d 104 (1st Cir. 2004) ............................................................................ 21

*United States v. Thomas*,
    572 F.3d 945 (D.C. Cir. 2009) ....................................................................... 18

*United States v. Thompson*,
    421 F.3d 278 (4th Cir. 2005) .......................................................................... 18

*United States v. Williams*,
    976 F.3d 781 (8th Cir. 2020) ................................................................... 13, 14

*United States v. Williams*,
    2022 WL 1510779 (8th Cir. May 13, 2022) ................................................. 11

*United States v. Williams*,
    2022 WL 14656754 (W.D. Mo. Oct. 25, 2022) ........................................... 14

*United States v. Willoughby*,
    653 F.3d 738 ........................................................................ 8, 9, 10, 12, 14

*Wooden v. United States*,
    142 S.Ct. 1063 (2022) ........................................................................... Passim

## STATUTES

18 U.S.C. § 922(g) ................................................................................... 1, 6

18 U.S.C. § 924(e)(1) ............................................................................ 1, 10

18 U.S.C. § 924(a)(2) ..................................................................................... 1

18 U.S.C. § 1326(b) ....................................................................................... 16

U.S. Const. amend. V ..................................................................................... 15

U.S. Const. amend. VI .................................................................................... 15

vi

## IDENTITY AND INTERESTS OF *AMICUS CURIAE*

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), mandates a 15-year minimum sentence for unlawful gun possession when the offender has three or more prior convictions for violent felonies such as battery "committed on occasions different from one another." At issue in this appeal is whether the district court erred in concluding the defendant, Christopher Stowell, committed qualifying predicate offenses on different occasions ("occasions clause"), as required to impose a sentencing enhancement under ACCA, and whether, as a constitutional matter, that factual determination must be decided by a jury, rather than by the sentencing court.

On February 23, 2023, this Court appointed the undersigned as *amicus curiae* to "submit supplemental briefing to the court en banc" addressing two questions:

(1) Whether the panel opinion conflicts with *Wooden v. United States*, 142 S.Ct. 1063 (2022); and

(2) Whether the Sixth Amendment to the United States Constitution requires the "separate occasions" determination to be made by a jury.

## BACKGROUND

On October 7, 2020, Christopher Stowell was charged in a one-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). R. Doc. 1, at 1. Stowell pleaded guilty on January 19, 2021. R. Doc. 17, at 1. Stowell's Presentence Report ("PSR") indicated Stowell had

1

committed three violent state-law felonies. The PSR suggested Stowell's prior convictions counted as predicate offenses for purposes of a sentencing enhancement under the ACCA. R. Doc. 23; App. Br. 7. The PSR noted that Stowell had a 2004 conviction for residential burglary and two 2006 battery convictions. Op. 2. The PSR described Stowell's 2006 convictions as follows:

> According to the felony information filed in this case, on or about March 8, 2006, Stowell did unlawfully, feloniously and with the purpose of causing physical injury to [Victim 1] cause serious physical injury to [Victim 1], by means of a deadly weapon . . .

> According to the felony information filed in this case, on or about March 11, 2006, Stowell did unlawfully, feloniously and with the purpose of causing serious physical injury to another person, cause serious physical injury to [Victim 2], by means of a deadly weapon. On that same date, Stowell was found to be in possession of a firearm after having been previously convicted of a felony.

*Id.* The 2006 convictions were charged in one indictment, to which Stowell pleaded guilty, resulting in the same conviction date for both counts. *Id.*

Before sentencing, Stowell filed written objections to the PSR, including the application of the ACCA enhancement. App. Br. 7. At sentencing, Stowell's attorney argued his 2006 battery offenses were part of a single criminal episode and therefore were only *one* predicate conviction under ACCA. *Id*. Relying on the PSR, the district court found the two battery offenses were committed on different days and thus constituted separate occasions and distinct predicate offenses. *Id.* The district court found that Stowell was an armed career criminal under the ACCA and sentenced

2

him to the statutory minimum of 180 months in prison and five years of supervised release. R. Doc. 32, at 1–2.

Stowell appealed. First, he argued that the district court erred when it found he had committed three violent felonies on "separate occasions," thus triggering the ACCA enhancement. App. Br. 9–10. Stowell noted that the United States Supreme Court recently had granted certiorari to decide when offenses were "committed on occasions different from one another" under the ACCA. *Id.* at 10; *Wooden v. United States*, 142 S.Ct. 1063 (2022). Second, Stowell argued the district court violated his Sixth Amendment right to a jury trial when the court—as opposed to a jury—found that his 2006 battery convictions occurred on different occasions. *Id.*

The Government argued that this Court's precedent permits a sentencing judge to make the separate occasions determination, and "it is well established that recidivism is not an element which must be admitted or proved to a jury." U.S. Br. 10, 12. The Government argued that the Supreme Court's "resolution of Wooden's petition will have no bearing on Stowell's case, as it does not involve offenses committed at the same time and location like the burglaries in *Wooden*." *Id.* at 17.

The Supreme Court decided *Wooden* while Stowell's appeal was pending. Resolving a circuit split, the Court held that the analysis required under the ACCA occasions clause is "multi-factored" and "holistic" and based upon several factors, including timing, proximity, and the character and relationship of the offenses. *See*

3

*Wooden*, 142 S.Ct. at 1068–71. With the benefit of *Wooden*, the panel majority held that the district court did not err in applying the ACCA enhancement. Op. 4. The panel also held that this Court's precedent foreclosed Stowell's Sixth Amendment challenge. *Id.* at 4–5. Writing in dissent, Judge Kelly agreed with the Sixth Amendment analysis but would have remanded for the district court to weigh the *Wooden* factors. Op. 5 (Kelly, J., dissenting).

Stowell petitioned for rehearing *en banc*, which was granted on November 15, 2022. The basis for Stowell's petition is that the panel's opinion "conflicts with an entire line of Supreme Court cases." Pet. for Reh'rg, at 4. Abandoning the position it initially advocated, the Government, like Stowell, now argues that, in light of *Wooden*, the Sixth Amendment requires a jury to make the different occasions finding required under ACCA. Resp. to Pet. for Reh'rg, at 1.

This Court asked court-appointed *amicus curiae* to submit briefing on: (1) whether the panel's opinion conflicts with the Supreme Court's ruling in *Wooden*; and (2) whether the separate occasions determination must be made by a jury. This brief thus does not address the Government's argument that any error was harmless. Resp. to Pet. for Reh'rg, at 10.

4

**ARGUMENT**

## I. The Panel Properly Interpreted and Applied the Supreme Court's Ruling in *Wooden v. United States*.

The first question *amicus curiae* was asked to address is whether the panel majority properly applied the Supreme Court's ruling in *Wooden v. United States*, 142 S.Ct. 1063 (2022). In *Wooden*, the Supreme Court adopted a multi-factor and holistic test that weighs timing, proximity, and the character and substance of the offense to determine whether predicate offenses occurred on different occasions for purposes of an ACCA sentencing enhancement. The Court described its approach as "straightforward and intuitive" and observed that courts "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" *Id.* at 1071. The *Stowell* panel majority correctly applied *Wooden*, and this Circuit's prior precedents, when it held that, given the time lapse and lack of substantive continuity, Stowell's "two battery offenses were committed on separate occasions and qualify as separate ACCA predicate offenses." Op. 4. As the panel majority correctly found, remand is unnecessary; no further fact-finding is needed, and there is no colorable evidence that Stowell's battery offenses were committed on the same occasion.

### A. *Wooden v. United States*, 142 S.Ct. 1063 (2022).

In *Wooden*, the Supreme Court squarely addressed the meaning of different

Appellate Case: 21-2234     Page: 11     Date Filed: 03/23/2023 Entry ID: 5258041

occasions under the ACCA. 142 S.Ct. at 1071. Like Stowell, Wooden was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id.* at 1067–68. The government sought an ACCA enhancement due to Wooden's 1997 convictions for ten counts of state-law burglary, all charged in the same indictment. *Id.* at 1068. At sentencing, Wooden argued that the predicate burglary convictions were part of the same criminal episode because he and three others unlawfully entered and burglarized ten separate units within one storage facility on the same night. *Id.* The district court found, however, that although the burglaries were committed in one building, each unit Wooden entered constituted a new "occasion" of criminal activity, and therefore Wooden was an armed career criminal. *Id.* The district court applied the ACCA enhancement and sentenced Wooden to 188 months in prison. *Id.* The Sixth Circuit affirmed, and the Supreme Court granted certiorari.

The question before the Court was "whether Wooden's prior convictions were for offenses occurring on different occasions . . . because the burglary of each unit happened at a distinct point in time, rather than simultaneously." *Id.* at 1067. The answer was "no." *Id.* In deciding that question, the Court resolved a circuit split over the meaning of the ACCA's occasions clause and held that a "holistic" and "multi-factored" analysis applies to decide whether prior convictions occurred on different occasions, as opposed to an approach that "deem[s] the clause satisfied whenever

6

crimes take place at different moments in time." *Id.* at 1068–70. The inquiry is "straightforward and intuitive." *Id.* at 1071.

The Court identified three factors relevant to its holistic analysis. First, timing matters, and "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events." *Id.* at 1071. Second, proximity matters because offenses committed "further away" from each other are less likely to be part of the same criminal event. *Id.* Third, the character and relationship between the offenses also matters—the more "similar" or "intertwined" the offenses are, the more probable they are to be the same occasion. *Id.*

The Court stated, however, that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions. Courts, for instance, have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart . . . ." *Id.* And, the Court stated its test would be easy to apply: "[I]n law as in life, it is usually not so difficult to identify an 'occasion' . . . [and] most cases should involve no extra-ordinary work." *Id.*

Applying those factors, the Court held that Wooden's predicate offenses were part of the same criminal episode and, thus, the same occasion. *Id.* The ten burglaries were committed on one evening, at the same location, "in a single uninterrupted course of conduct." *Id.* Each burglary was "essentially identical" and was "part and

7

parcel of the same scheme, actuated by the same motive, and accomplished by the same means." *Id.* Because all ten burglaries arose from the same conduct, they were charged in the same indictment. The Court reversed the judgment and remanded Wooden's case. *Id.* at 1074.

**B. The panel majority correctly applied *Wooden*.**

After *Wooden*, this Court decided Stowell's appeal. The panel majority held that the district court did not err in sentencing Stowell as an armed career criminal. Op. 5. Consistent with *Wooden* and this Court's prior precedents, the panel considered three factors—timing, location of the offenses, and overall substantive continuity between the offenses. *See id.* at 3 (citing *United States v. Willoughby*, 653 F.3d 738, 743 (8th Cir. 2011)). In doing so, the panel correctly applied the "straightforward and intuitive" analysis that *Wooden* instructed lower courts to undertake. The panel majority held that Stowell's 2006 batteries were committed on different occasions because there was "a significant time lapse" between the two batteries (three days). The 2006 battery offenses also "lacked any substantive continuity" because they were directed at different victims without any common motivation or plan. Op. 3–4. The panel thus affirmed the district court's sentence.

The *Stowell* panel cited this Circuit's longstanding test set forth in *Willoughby*, which, like *Wooden*, instructs district courts to consider "(1) the time lapse between offenses, (2) the physical distance between their occurrence, and (3)

8

their lack of overall substantive continuity, a factor that is often demonstrated in the violent-felony context by different victims or different aggressions." Op. 3 (quoting *Willoughby*, 653 F.3d at 743). The panel then observed that "*Wooden* didn't supplant our three-factor test"; rather, the factors that *Wooden* instructed courts to review are the same as those in *Willoughby*. Op. 3 n.2.

The panel majority further observed that, "[w]e have repeatedly designated crimes that occurred a few minutes apart and in close physical proximity as being committed on separate occasions," and that, "[i]n closer cases," this Circuit's analysis in those cases "may be called into question" by *Wooden*. *Id.* The panel majority correctly reasoned, however, that Stowell's case—with the predicate batteries occurring three days apart and involving two different victims—did not present a close case. *Id.* The panel majority's analysis of the relevant factors is consistent with *Wooden*'s admonition that "[i]n many cases, a single factor—especially of time or place—can decisively differentiate occasions" and that courts applying the multi-factor analysis "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a 'significant distance.'" 142 S.Ct. at 1071.

## C. The panel's approach is consistent with other decisions of this Court.

The reasoning and approach of the *Stowell* panel is consistent with how this Court has applied *Wooden* in similar cases. In *United States v. Bragg*, 44 F.4th 1067

9

(8th Cir. 2022), the defendant was sentenced as an armed career criminal in part based upon two armed robbery convictions. *Id.* at 1070. The defendant appealed and argued that those convictions were one occasion for purposes of the ACCA. *Id.* Citing *Wooden*'s multi-factor analysis, this Court affirmed the sentence, reasoning that "the government met its burden to prove the two robbery convictions were committed on different occasions" because the robberies were of two different victims, occurred two days apart, and were investigated by different police departments. *Id.* at 1079. The case was not remanded, even though the defendant was sentenced in May 2021—well before *Wooden* was decided. Like the panel here, *Bragg* cited this Court's three-factor *Willoughby* test and remarked that "[o]ur prior decisions have carefully reviewed the circumstances in each case," and that "[v]iewing our precedents as a whole, we see no inconsistency with the Supreme Court's focus in *Wooden*." *Id.* at 1078 n.4.

In *United States v. Robinson*, 43 F.4th 892 (8th Cir. 2022), the defendant pled guilty to being a felon in possession of a firearm. The district court sentenced Robinson as an armed career criminal after finding he had three qualifying prior convictions under 18 U.S.C. § 924(e)(1), based on three burglaries that were committed in different homes and over the course of twenty days. *Id.* Robinson appealed. This Court affirmed the sentence, reasoning that *Wooden* did not change the analysis as to whether Robinson's prior convictions were committed on separate

Appellate Case: 21-2234     Page: 16     Date Filed: 03/23/2023 Entry ID: 5258041

occasions. *Id.* at 895–96. The case, this Court explained, was distinguishable from the facts of *Wooden*, because "rather than committing numerous burglaries on a single day, at one location, in one continuous course of conduct, Robinson committed three different burglaries on separate and nonconsecutive days, at separate locations, arising from isolated conduct." *Id.* at 896. Again, this Court did not remand. *Id.*

The defendant in *United States v. Buford*, 54 F.4th 1066 (8th Cir. 2022), pled guilty to being a felon in possession of a firearm. The district court applied an ACCA enhancement based upon Buford's four prior convictions for serious drug offenses. *Id.* at 1067. Three convictions were for the sale of cocaine to the same undercover officer on three dates in April and May 2018. *Id.* On appeal, Buford argued his case should be remanded in light of *Wooden* and pointed to the Court's remand in *United States v. Williams*, 2022 WL 1510779 (8th Cir. May 13, 2022), discussed below. *See Buford*, 54 F.4th at 1068. This Court declined to do so because *Williams* "did not offer any general guidance as to what district court fact-finding, if any, is needed in light of *Wooden*" and "[n]o further fact-finding is needed in this case, so a remand is not necessary." *Id.* at 1069. This Court affirmed Buford's sentence. *Id.*

Like the *Stowell* panel majority's decision, the analyses in *Bragg*, *Robinson*, and *Buford* provide a consistent and correct application of *Wooden* and this Court's precedents. As stated above, this Court has long instructed district courts to consider

11

three factors—timing, physical proximity, and the substance of the offenses—to decide the different occasions question under ACCA. *See Willoughby*, 653 F.3d at 742–43. These are the same factors set forth in *Wooden*. *See* 142 S.Ct. at 1071. The Supreme Court expressly stated that its multi-factor test was "straightforward and intuitive" and that, "[i]n many cases, a single factor . . . can decisively differentiate occasions." *Id.* There is no need in a "straightforward" case like this one, to remand as a matter of course when the district court was aware of the proper factors to consider and no colorable argument could be made that the offenses were committed on the same occasion. Indeed, this case falls squarely within *Wooden*'s statement that courts have "nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *Id.* Thus, when faced with nearly identical circumstances, this Court properly has declined to remand in light of *Wooden* when further fact-finding is unnecessary based upon the facts of the case.

### D. Remand is unnecessary because additional fact-finding is not needed.

Writing in dissent in *Stowell*, Judge Kelly would have remanded the case to the district court "to engage in a muti-factored inquiry or consider the 'range of circumstances that may be relevant to identifying episodes of criminal activity,'" as the Supreme Court laid out in *Wooden*. Op. 7 (Kelly, J., dissenting). The dissent reasoned that the district court relied on the dates of the prior offenses, set forth in the PSR, "without discussing any other factors," and the possibility that a single

factor could differentiate occasions "does not eliminate the need for a fact-intensive inquiry." *Id.* at 6–7. The dissent compared the facts of Stowell's sentence to those in *United States v. Williams*, 976 F.3d 781 (8th Cir. 2020), *vacated*, 142 S.Ct. 1439 (2022), in which this Court, after vacatur by the Supreme Court, remanded "for a new factual determination of whether Williams had three prior convictions committed on different occasions." Op. 7 (Kelly, J., dissenting). The dissent observed that *Wooden* abrogated *United States v. Abbott*, 794 F.3d 896 (8th Cir. 2015), which relied solely on a "temporal disconnect" between the offenses.

As the panel majority noted, there may be "closer cases" requiring further fact-finding, but this is not one. This case differs from *Abbott* or *Williams*. In *Abbott*, two predicate offenses were for the sale of drugs to the same undercover detective, for the same value, on consecutive days, with no record as to location. *See* 794 F.3d at 897. Affirming the ACCA enhancement, this Court applied a rule that "to prove that two offenses are sufficiently separate and distinct for ACCA purposes, it is *sufficient* (although, not necessary) to show that some time elapsed between the two prospective predicate offenses." *Id.* at 898. While *Wooden* held that it is not enough to "deem the [occasions] clause satisfied whenever crimes take place at different moments in time," 142 S.Ct. at 1068, the Court did not suggest a single occasion could encompass a multi-day gap between offenses.

13

In *Williams*, the defendant was sentenced as an armed career criminal based on four serious drug offenses, including three sales of the same quantity and value of drugs to the same undercover detective over eight days. *United States v. Williams*, 2022 WL 14656754, at *5 (W.D. Mo. Oct. 25, 2022). This Court affirmed the ACCA enhancement by noting the timing of the offenses, without consideration of any other factors. *Williams*, 976 F.3d at 786–87. On petition for certiorari, the Supreme Court vacated the judgment and remanded for consideration in light of *Wooden*. On remand, the district court applied the ACCA enhancement because "each of the[] sales occurred more than one day apart …." *Williams*, 2022 WL 14656754, at *5.

Unlike *Abbott* and *Williams*, which relied on the time lapse alone in situations involving substantively identical drug sales to the same undercover detective, the *Stowell* panel weighed the factors set forth in *Wooden* and *Willoughby*, including the three-day time lapse and lack of substantive continuity between Stowell's batteries. No further fact-finding is necessary by the district court. Requiring remand here, moreover, would be inconsistent with *Wooden*'s admonition that its test is "straightforward and intuitive" and "a single factor—especially of time or place— can decisively differentiate occasions." 142 S.Ct. at 1071. The panel majority properly applied *Wooden* and this Court's prior decisions in finding Stowell committed the 2006 burglaries on different occasions.

14

## II.    A Sentencing Judge May Make a "Different Occasions" Determination Without Violating a Defendant's Sixth Amendment Rights.

The second question *amicus curiae* was asked to address is whether the Sixth Amendment requires a jury, and not the sentencing court, to decide the occasions question before a sentencing enhancement under ACCA is imposed. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that "the fact of an earlier conviction" is an exception to the Sixth Amendment's jury trial rule. *Id.* at 227. *Almendarez-Torres* has not been overruled or limited, and the factors *Wooden* identified are part of the conviction itself. Consistent with *Almendarez-Torres*, and the uniform views of the courts of appeals—before and after *Wooden*—a sentencing court can decide whether ACCA predicate offenses were committed on different occasions without violating the Sixth Amendment.

### A. *Almendarez-Torres* and its progeny hold that the "fact of a prior conviction" is an exception to the Sixth Amendment jury trial right.

The Sixth Amendment guarantees the right to a jury trial "[i]n all criminal prosecutions." U.S. Const. amend. VI. The Fifth Amendment's Due Process Clause guarantees "the companion right to have the jury verdict based on proof beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 478 (2000); U.S. Const. amend. V. In construing these rights, the Supreme Court has held that a criminal defendant is entitled to "a jury determination that he is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Id.* at 477 (citation

15

omitted). "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). The Supreme Court has further held that facts "increasing the statutory maximum" or "triggering a mandatory minimum" are "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" and thus must be proven to a jury beyond a reasonable doubt (or admitted by the defendant). *Id.* at 111–15 (quoting *Apprendi*, 530 U.S. at 490).

In *Almendarez-Torres*, the Supreme Court recognized an exception to that rule under which district courts can find "the fact of an earlier conviction" without violating the Sixth Amendment. 523 U.S. at 226. *Almendarez-Torres* held that, under 18 U.S.C. § 1326(b), a defendant's prior conviction is a sentencing factor rather than an element of an enhanced unlawful-entry offense. *Id.* at 241. In concluding Congress "intended to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense," the Court explained that "the relevant statutory subject matter is recidivism," which is "a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Id.* at 230–43. The issue of recidivism "does not relate to the commission of the offense, but goes to punishment only." *Id.* at 244.

*Almendarez-Torres* remains good law. In the years since, the Court repeatedly has reaffirmed that "the fact of a prior conviction" does *not* need to be submitted to

16

a jury and proven beyond a reasonable doubt, even when it increases the penalty for a crime beyond the prescribed statutory maximum or mandatory minimum. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Alleyne*, 570 U.S. at 103 n.1 (declining to revisit *Almendarez-Torres* rule); *Mathis v. United States*, 579 U.S. 500, 511–12 (2016) ("This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, except for the simple fact of a prior conviction.").

## B. The Courts of Appeals have uniformly applied *Almendarez-Torres* in holding that sentencing courts can decide ACCA prerequisites.

Over the past two decades—before and after *Wooden*—panels of this Court have consistently held that, "[a]ccording to *Almendarez-Torres v. United States* … recidivism is not an element that must be admitted or proved to a jury[,] and "[w]hether prior offenses were committed on different occasions is among the recidivism-related facts covered by the rule of *Almendarez-Torres*." *United States v. Harris*, 794 F.3d 885, 887 (8th Cir. 2015); *see also Robinson*, 43 F.4th at 896 (district court did not violate the Sixth Amendment when it considered the "underlying facts of [the defendant's] burglaries, such as *the dates on which the burglaries occurred*, to establish he had committed three or more predicate felonies on occasions different from one another under the ACCA."); *Buford*, 54 F.4th at 1069 ("We have held that

17

facts about prior convictions that are relevant to ACCA sentencing do not need to be submitted to a jury."); *United States v. Faulkner*, 826 F.3d 1139, 1148 n.6 (8th Cir. 2016) ("We can examine the circumstances of these prior offenses instead of just the fact of conviction."); *United States v. Cole*, 778 F.3d 1055 (8th Cir. 2015) (per curiam); *United States v. Evans*, 738 F.3d 935, 936 (8th Cir. 2014); *United States v. Richardson*, 483 F. App'x 302, at *3 (8th Cir. 2012) (per curiam).

The argument that ACCA's prerequisites must "be proved to a jury has been uniformly rejected because its applicability depends on the determination of a sentencing factor, not a determination of an element of an offense." *United States v. Moon*, 31 F.4th 259, 264 (4th Cir. 2022); *see also United States v. Dantzler*, 771 F.3d 137, 144 (2d Cir. 2014) ("[O]ur precedent makes clear that a sentencing judge's determination of whether ACCA predicate offenses were committed 'on occasions different from one another' is no different, as a constitutional matter, from determining the *fact* of those convictions."); *United States v. Elliott*, 703 F.3d 378, 383 (7th Cir. 2012); *United States v. Blair*, 734 F.3d 218, 227 (3d Cir. 2013); *United States v. Thomas*, 572 F.3d 945, 952 n.4 (D.C. Cir. 2009); *United States v. Michel*, 446 F.3d 1122, 1133 (10th Cir. 2006); *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005) (the "data necessary to determine the 'separateness' of the occasions is inherent in the fact of the prior convictions"); *United States v. Ivery*, 427 F.3d 69, 75 (1st Cir. 2005); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir.

18

2004). *Apprendi* is directed at sentencing factors outside of prior convictions, such as determining the defendant's intent, as with a hate-crime sentence enhancement. *Almendarez-Torres*, in turn, permits the district court's review of a prior conviction. The ACCA is within the *Almendarez-Torres* line of cases, not *Apprendi*.

These uniform rulings of every court of appeals that regularly hears criminal appeals are grounded in several principles. As stated above, recidivism traditionally has been treated as an issue for courts—not juries. *See, e.g.*, *Harris*, 794 F.3d at 887; *United States v. Santiago*, 268 F.3d 151, 154 (2d Cir. 2001). Further, judicial determination of "'the fact of a prior conviction' implicitly entails many subsidiary findings," such as the identity of the defendant (and that it was the same defendant previously convicted), date, time, victim identity, or location of the offense. *Santiago*, 268 F.3d at 156; *Dantzler*, 771 F.3d at 143. "[T]he separateness of the convictions is not a fact which is different in kind from the types of facts already left to the sentencing judge by *Almendarez-Torres* and *Apprendi* . . . ." *Santiago*, 268 F.3d at 156. As a policy matter, treating recidivism as a substantive offense "is far more likely to prejudice rather than protect defendants" by requiring juries to hear details about or, at minimum, the fact of the defendant's prior convictions. *Id.*; *Almendarez-Torres*, 523 U.S. at 235 (noting the "introduction of evidence of a defendant's prior crimes risks significant prejudice").

19

With the foregoing principles in mind, the Second Circuit summarized the sentencing judge's task as follows:

> [W]e read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction . . . . [W]e are satisfied . . . that § 924(e)'s "different occasions" requirement falls safely within the range of facts traditionally found by judges at sentencing and is sufficiently interwoven with the facts of the prior crimes that *Apprendi* does not require different fact-finders and different burdens of proof for Section 924(e)'s various requirements.

*Santiago*, 268 F.3d at 156–57.

## C. *Wooden* did not address the Sixth Amendment question and provides no reason to revisit the circuit courts' uniform precedent.

*Wooden* provides no reason to revisit the courts of appeals' universal conclusion that courts can decide the different occasions question under ACCA without violating the Sixth Amendment. *First*, *Wooden* expressly did "not address" whether "the Sixth Amendment requires a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion." 142 S.Ct. at 1068 n.3. *Wooden* did not mention—let alone overrule or cabin—the longstanding rule from *Almendarez-Torres* that "the fact of an earlier conviction" does not need to be submitted to a jury and proved beyond a reasonable doubt.

*Second*, *Wooden*'s holding that the occasions clause determination is "multi-factored" does not require any fact-finding by courts that is new or different. Rather,

20

it is consistent with what panels of this Circuit and many other courts have held for decades. As the Supreme Court explained, *Wooden* resolved a circuit split in which some circuits had "deem[ed] the [occasions] clause satisfied whenever crimes take place at different moments in time" whereas others "undert[ook] a more holistic inquiry." *Id.* at 1068. *Wooden* cited cases from the First and Second Circuits as applying the correct holistic approach. *Id.* (citing *United States v. Bordeaux*, 886 F.3d 189, 196 (2d Cir. 2018); *United States v. Stearns*, 387 F.3d 104, 108 (1st Cir. 2004)).

In *Stearns*, the First Circuit held that the different occasions question under ACCA required "a case-by-case examination of the totality of the circumstances" that "conceivably may turn upon any combination of circumstances, including (but not limited to) the identity of the victim; the type of crime; the time interval between the crimes; the location of the crimes; the continuity *vel non* of the defendant's conduct; and/or the apparent motive for the crimes." 387 F.3d at 108. *Stearns* also rejected the defendant's Sixth Amendment argument under *Blakely v. Washington*, 542 U.S. 296 (2004), that the sentencing enhancement under ACCA relied on factual findings that a jury was required to decide. *Stearns*, 387 F.3d at 106–07. As noted, the First and Second Circuits have found no Sixth Amendment concerns posed by courts applying a holistic approach. The notion that, in light of *Wooden*, juries now must decide the ACCA occasions prerequisite is anomalous when *Wooden* cited

21

approvingly to a First Circuit decision rejecting a Sixth Amendment challenge. Rather, *Wooden* formalized an analytic approach that many circuit courts, including this Circuit, have long applied without Sixth Amendment concerns.

*Third*, the Court's reasoning in *Wooden* significantly undercuts the argument that the Sixth Amendment compels a jury determination of the occasions clause. *Wooden* not only prescribed the analytic framework for its holistic analysis, it went on to apply the relevant factors to the defendant's case. *See* 142 S.Ct. at 1071 (noting "uninterrupted course of conduct," single location, and intertwined nature of the burglaries and concluding that "the indictment thus confirms what all the circumstances suggest: One criminal occasion notwithstanding ten crimes"). In describing its approach as "straightforward and intuitive," the Court discussed the rarity of "judges coming out differently on similar facts." *Id.*; *see also Shepard v. United States*, 544 U.S. 13, 25 (2005) (discussing "the sentencing judge considering the ACCA enhancement"). Although the Sixth Amendment issue was not before the Court, it is difficult to imagine *Wooden* would have undertaken an unconstitutional task.

*Fourth*, despite suggesting that *Wooden* has introduced a sea change, neither Stowell nor the Government has identified a single circuit that has changed its view in light of *Wooden*. On the contrary, since *Wooden* was decided last year, this Circuit and other courts of appeals have continued to uphold findings by sentencing courts

22

that ACCA's predicates were committed on different occasions. *E.g.*, *United States v. Barrera*, 2022 WL 1239052, at *2 (9th Cir. 2022) (citing *Wooden* and stating that court can decide occasions issue under *Almendarez-Torres*); *see also United States v. Belcher*, 40 F.4th 430, 432 (6th Cir. 2022); *United States v. Reed*, 39 F.4th 1285, 1296 (10th Cir. 2022). The Seventh Circuit recently explained:

> The Supreme Court has not overruled or limited *Almendarez-Torres*. The Court recently reversed a sentencing judge's separate occasions finding but expressly reserved the Sixth Amendment issue. *See Wooden v. United States*, ─── U.S. ───, 142 S.Ct. 1063, 1068 n.3, 1071, 212 L.Ed.2d 187 (2022). The Court did not reconsider or otherwise question *Almendarez-Torres*. And in *Wooden*'s wake, other circuits have continued to recognize the propriety of sentencing judges making this finding. We do the same.

*United States v. Hatley*, 2023 WL 2366704, at *5 (7th Cir. Mar. 6, 2023).

Before an apparent policy change between its initial brief filed in September 2021 and its response to the petition for rehearing filed in October 2022, the Government consistently has argued, including to this Court, that *Wooden* did *not* affect the sentencing court's ability to properly determine ACCA prerequisites consistent with the Sixth Amendment. *See, e.g.*, U.S. Br. 19 (arguing that "'fact[s] of a prior conviction' need not be submitted to the jury and proven beyond a reasonable doubt"); Br. of United States, *United States v. Brown*, 2022 WL 2702595, at *14–17 (4th Cir. July 5, 2022) ("[i]t is a 'sentencing judge,' . . . who find the facts that require application" of ACCA). As the Government argued in *Buford*, "If Wooden implies anything, its decision affirming that the fact-finder must consider

23

conduct under circumstances where courts have consistently approved fact-finding by a district court judge reinforces this Court's longstanding precedent that whether a defendant committed offenses on separate occasions remains one of the myriad factual findings that *Almendarez-Torres v. United States* permits." Br. of United States, *United States v. Buford*, 2022 WL 2136782, at \*29 (8th Cir. June 9, 2022); *see also* Br. of United States, *United States v. Cook*, 2022 WL 2318658, at \*15–20 (6th Cir. June 21, 2022). The Government's position in these earlier cases is correct. At minimum, this about-face indicates the Government's current preferred view is one of policy and not compelled by the Supreme Court's or this Circuit's precedent.

It is true that Justice Gorsuch, writing in concurrence in *Wooden*, and some circuit judges, including in this Circuit, have expressed concern that a court's fact-finding of the ACCA prerequisites may erode the Sixth Amendment jury trial right. *See Wooden*, 142 S.Ct. at 1087 n.7 (Gorsuch, J., concurring); *United States v. Perry*, 908 F.3d 1126, 1134 (8th Cir. 2018) (Stras, J., concurring); *United States v. McDaniel*, 925 F.3d 381, 389 (8th Cir. 2019) (Stras, J., concurring). Because it is "Supreme Court precedent" that permits "judges, rather than a jury, to determine whether the ACCA sentencing enhancement applie[s]," *Moon*, 31 F.4th at 264, the prerogative to withdraw that permission rests with the Supreme Court. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (Supreme Court has "the prerogative of overruling its own decisions"). Until then, *Almendarez-Torres* provides that the

Appellate Case: 21-2234    Page: 30    Date Filed: 03/23/2023 Entry ID: 5258041

sentencing court properly can determine "the fact of an earlier conviction" consistent with the Sixth Amendment jury trial right.

**D. *Descamps* and *Mathis* did not limit the *Almendarez-Torres* rule.**

Finally, Stowell argues in his petition that a jury determination of the different occasions inquiry is compelled by "an entire line of Supreme Court cases," including *Apprendi*, *Alleyne*, *Mathis*, and *Descamps v. United States*, 570 U.S. 254 (2013). But those cases did not overrule or limit the *Almendarez-Torres* rule that prior convictions that enhance a defendant's sentence are not "elements" of a crime that must be submitted to a jury. *Apprendi* and *Alleyne* recognized the "fact of a prior conviction" *is* an exception to the jury trial rule.

*Descamps* and *Mathis* were concerned with the first ACCA inquiry: whether a prior conviction qualifies as an ACCA predicate. In that context, the Supreme Court has instructed sentencing courts to determine whether elements of the prior conviction match the elements of the "generic" version of the crime listed in the ACCA—the "formal categorical approach"—and *not* look to "the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). When a prior conviction involves a divisible statute, which "lists multiple, alternative elements," a modified categorical approach applies. *Descamps*, 570 U.S. at 257, 259–60. This "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative

25

element formed the basis of the defendant's prior conviction." *Id.*; *Shepard*, 544 U.S. at 20–21. The "elements-only inquiry" is required because the ACCA refers to "a defendant who has three 'previous convictions' . . . rather than one who has thrice committed that crime." *Mathis*, 579 U.S. at 510–11. "And the only facts the court can be sure the jury so found are those constituting elements of the offense—as distinct from amplifying but legally extraneous circumstances." *Descamps*, 570 U.S. at 269–70.

ACCA's "different-occasions language *does* focus on the defendant's conduct [and] asks courts to determine whether prior offenses were 'committed' on different occasions." *United States v. King*, 853 F.3d 267, 273 (6th Cir. 2017) (emphasis added). Since *Descamps* and *Mathis*, circuits that have considered Stowell's argument—that it violates the Sixth Amendment for a court to consider non-elemental facts related to ACCA's prerequisites—has rejected it. *See United States v. Hennessee*, 932 F.3d 437, 442 (6th Cir. 2019); *United States v. Dudley*, 5 F.4th 1249, 1260 (11th Cir. 2021); *Blair*, 734 F.3d at 227–28. "*Descamps* and *Alleyne* do nothing to restrict the established exception under *Almendarez-Torres* that allows judges to consider prior convictions," which necessarily includes consideration of the "non-elemental facts of date, location, and victim." *Blair*, 734 F.3d at 227. "Had the Supreme Court meant to say that all details related to prior convictions are beyond judicial notice, it would have said so plainly, as that would have been a

26

marked departure from existing law." *Id.* at 227–28. The district court's judgment should be affirmed.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's judgment.

Respectfully submitted,


*/s/ James F. Bennett*
James F. Bennett
Edward L. Dowd, Jr.
Caitlin E. O'Connell
Carolina C. Beck
DOWD BENNETT LLP
7676 Forsyth Boulevard, Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300

27

# CERTIFICATE OF COMPLIANCE

1.      Excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,503 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Office Word 365 in Times New Roman 14-point font.

3.      The undersigned hereby certifies that I have filed electronically, pursuant to Circuit Rule 28A(h), a version of the brief in non-scanned PDF format.  I hereby certify that the file has been scanned for viruses and that it is virus-free.


                                        */s/ James F. Bennett*
                                        James F. Bennett
                                        Court Appointed Amicus

        MARCH 22, 2023

Appellate Case: 21-2234     Page: 34     Date Filed: 03/23/2023 Entry ID: 5258041

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ James F. Bennett*
James F. Bennett

29